The TEXAS DEPARTMENT
OF PUBLIC SAFETY,
Appellant,

v.

Carol Ann CORTINAS, Appellee.

No. 14–97–00491–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1998.

886

Stacy S. Billedo, Karen Whittington Osborne, Houston, for appellant.

Michael Echevarria, Angleton, for appellee.

Before MURPHY, C.J. and HUDSON and O'NEILL, JJ.

## OPINION

HUDSON, Justice.

Appellant, the Texas Department of Public Safety (DPS), challenges a county court at law judgment reversing an administrative order sustaining the suspension of appellee Carol Ann Cortinas's license to drive. *See* TEX.TRANSP.CODE ANN. § 524.011(a) (Vernon Pamph.1998); TEX.PENAL CODE ANN. § 49.01(2)(B) (Vernon 1994). In nine points of error, the DPS alleges the county court at law abused its discretion and erred as a matter of law by reversing the decision of the administrative law judge and finding that (1) section 524.011 of the Texas Transportation Code and section 17.4(2) of 37 Texas Administrative Code are mandatory; (2) the DPS did not show compliance with section 524.011 of the transportation code; (3) the administrative law judge improperly admitted breath test results and the DWI Statutory Warning Form; (4) the DPS failed to show that Cortinas was intoxicated; and (5) the DPS failed to prove probable cause to arrest Cortinas for driving while intoxicated. We reverse and render.

## I. BACKGROUND AND PROCEDURAL POSTURE

Officer Kevin McFadden of the Lake Jackson Police Department stopped the car driven by Cortinas after observing it exceed a posted speed limit and run a red light. After stopping the car, McFadden observed that Cortinas's breath smelled strongly of an alcoholic beverage, that her eyes were blood-shot and red, and her speech was slurred. Suspecting Cortinas was intoxicated, McFadden administered several field sobriety tests including the horizontal gaze nystagmus. Cortinas performed poorly on the tests. Consequently, McFadden arrested Cortinas for driving while intoxicated (DWI). After receiving oral and written warnings, Cortinas agreed to submit to a breath test. The test results showed a blood alcohol concentration of 0.137 and 0.142. Because her license was subject to suspension, Cortinas requested an administrative hearing on the merits pursuant to chapter 524 of the Texas Transportation Code.

At the hearing, the administrative law judge admitted, over objection, the Notice of Suspension, the DWI Statutory Warning, the Peace Officer's Sworn Report, the Breath Test Technical Supervisor Affidavit, and the breath test slip. Officer McFadden also testified. He recounted his observations about Cortinas's driving and her performance on the field sobriety and intoxilyzer tests. McFadden further attested to his training and qualifications to administer the field sobriety tests and intoxilyzer tests. After hearing argument, the administrative law judge found McFadden had reasonable suspicion to stop Cortinas for a traffic violation and probable cause to arrest her for DWI. The judge concluded the DPS proved the issues set forth in section 524.035 of the transportation code and sustained the suspension of Cortinas's license for sixty days.

Cortinas appealed the order of the administrative law judge to the county court at law. In her Original Petition to Set Aside Administrative Order Suspending License, Cortinas alleged she was entitled to a stay of suspension because she was not intoxicated on the date and time in question and the DPS did not have probable cause to believe she was driving while intoxicated. Cortinas also alleged the arresting officer did not mail a copy of his Sworn Report to the DPS within five business days as required by section 524.011(a)(2) of the transportation code. She complained the administrative law judge improperly admitted the intoxilyzer results, the DWI Statutory Warning, and the Technical Supervisor's Affidavit.

After a hearing, the county court at law granted Cortinas's petition and set aside the order of the administrative law judge. In its Findings of Fact and Conclusions of

Law, the county court at law found no evidence that (1) the DPS filed a criminal complaint; (2) McFadden forwarded the DWI Statutory Warning or Peace Officer's Report to the DPS within five days; and (3) the DPS made proper use of the reference solution in conducting the intoxilyzer test. The county court at law also declined to make findings of fact from the DWI Statutory Warning because it was an unsworn document and "the record does not verify any of the signatures on that document." The county court at law concluded that sections 524.011(a)(2) and 524.011(b) of the transportation code and section 17.4(2) of the Texas Administrative Code are mandatory, that the DPS did not lay the proper predicate to introduce any testimony regarding alcohol concentration under *Harrell v. State,* 725 S.W.2d 208 (Tex.Crim.App.1986), and that the DPS did not introduce evidence that Cortinas was driving with an alcohol concentration of .10 or greater.

## II. SUBSTANTIAL EVIDENCE TO SUPPORT ADMINISTRATIVE FINDING

In its seventh point of error, the DPS claims the county court at law erred as a matter of law by holding there was no evidence supporting the administrative finding that Cortinas was driving while intoxicated. In its eighth point of error, the DPS argues the county court at law erred by impliedly finding that the DPS failed to prove by a preponderance of the evidence that probable cause existed to arrest Cortinas for driving while intoxicated. We find substantial evidence supports the administrative finding.

▮ The Administrative Procedure Act (APA) authorizes a reviewing court to test an agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. *See* TEX.GOV'T CODE ANN. § 2001.174(2)(E) (Vernon Pamph.1998); *Texas Health Facilities Com'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). The reviewing court must pre-

sume that the agency's decision is supported by substantial evidence. *See Charter Medical–Dallas, Inc.,* 665 S.W.2d at 453. Substantial evidence requires only more than a mere scintilla. *See R.R. Com'n of Texas v. Torch Operating Co.,* 912 S.W.2d 790, 792 (Tex.1995). The evidence in the record may preponderate against the agency's decision and nevertheless amount to substantial evidence. *Id.; Lewis v. Metro. Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977). The issue before the reviewing court is not whether the agency reached the correct conclusion but whether some reasonable basis exists in the record for the agency's action. *See Torch Operating Co.,* 912 S.W.2d at 792. "We will sustain the agency's action if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." *See Texas Dept. of Pub. Safety v. Latimer,* 939 S.W.2d 240, 244 (Tex.App.—Austin 1997, no writ).

▮ To uphold a license suspension, an administrative law judge must find by a preponderance of the evidence at the suspension hearing that (1) the person was operating a motor vehicle in a public place with an alcohol concentration of 0.10 or more, and (2) the arresting officer had reasonable suspicion to stop or probable cause to arrest the driver to uphold the suspension. *See* TEX.TRANSP.CODE ANN. § 524.035(a). In this case, the record of the administrative hearing reflects substantial evidence of all of these elements. First, McFadden had reasonable suspicion to stop Cortinas for speeding and running a red light, both of which are traffic violations. *See* TEX.TRANSP.CODE ANN. §§ 545.351(a), 545.352(a), (b); 544.004 (Vernon Pamph.1998); *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992) (law enforcement officer may stop and detain a person for a traffic violation).

▮ Second, McFadden had probable cause to arrest Cortinas for DWI based on Cortinas's appearance and performance on the field sobriety tests. "Probable cause

exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense." *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997); *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim.App.1991). "Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Guzman,* 955 S.W.2d at 87. A person commits DWI if she is intoxicated while operating a motor vehicle in a public place. *See* TEX.PENAL CODE ANN. § 49.04 (Vernon Supp.1998). Intoxication means (1) not having the normal use of mental or physical faculties by reason of introduction of alcohol or other substances in the body; or (2) having an alcohol concentration of 0.10 or more. *Id.* § 49.01.

In the Sworn Report, McFadden surmised that Cortinas had been driving while intoxicated because Cortinas smelled strongly of an alcoholic beverage, her speech was slurred, and her eyes were bloodshot. McFadden noted that Cortinas performed poorly on the one-leg stand and step and turn sobriety tests. McFadden administered the Horizontal Gaze Nystagmus test, observing six clues including lack of smooth pursuit, nystagmus at maximum deviation, and nystagmus onset prior to forty-five degrees. Because Cortinas did not have the normal use of her mental or physical faculties, McFadden had probable cause to arrest Cortinas for DWI.

Finally, the Breath Test Technical Supervisor's Affidavit affirmatively states that Cortinas's blood alcohol concentration exceeded 0.10. McFadden arrested Cortinas at approximately 1:58 a.m. and administered the first breath test at 2:41 a.m. the same day. The test results showed intoxication levels of 0.137 and 0.142. Based on McFadden's observations at the scene, Cortinas's performance on the field sobriety tests, and the breath test affidavit, we find a reasonable basis exists in the record for the administrative finding that

Cortinas was driving in a public place while intoxicated. Because substantial evidence supports the administrative finding that Cortinas was driving while intoxicated, the county court at law erred in reversing the order suspending Cortinas's license on that ground. Accordingly, we sustain the DPS's seventh and eighth points of error.

### III. DIRECTORY PROVISIONS OF CODE

■ In its first point of error, the DPS contends the county court at law erred as a matter of law by reversing the administrative order on the grounds that the DPS did not show that the arresting officer sent a copy of the notice of suspension to the DPS within five business days as required by section 524.011(a) and (b) of the Texas Transportation Code. The Legislature, however, intended section 524.011(a) and (b) to be directory and not mandatory. *See Texas Dept. of Public Safety v. Nordin,* 971 S.W.2d 90, 95 (Tex.App.—Houston [14th Dist.] 1998, no pet.). Moreover, compliance with section 524.011(a) and (b) is not an issue the DPS must prove at an administrative license revocation hearing. *See* TEX.TRANSP.CODE ANN. § 524.035(a), (b) (Vernon Pamph.1998). Furthermore, the record reflects no evidence that Cortinas's substantial rights were prejudiced by any failure to meet the report's filing deadline. Accordingly, we sustain the DPS's first point of error.

In its fourth point of error, the DPS claims the county court at law erred in holding that the record fails to establish that McFadden forwarded the report to the DPS within five business days. Because of our disposition in point of error one, we do not reach the merits of this point of error. Accordingly, we overrule point of error four.

■ In its second and third points of error, the DPS contends the county court at law erred as a matter of law in overruling the administrative order on the ground that the DPS did not provide Cortinas with a copy of the criminal complaint or prove

that the arresting officer filed the criminal complaint as part of the Sworn Report. Section 524.011(c) requires the Peace Officer's Sworn Report to (1) identify the arrested person; (2) state the arresting officer's grounds for believing the person committed the offense; (3) give the analysis of the specimen if any; and (4) include a copy of the criminal complaint filed in the case, if any. *See* Tex.Transp.Code Ann. § 524.011(c) (Vernon Pamph.1998). Likewise, section 17.4(2) of 37 Texas Administrative Code provides that the administrative license revocation report based on a breath or blood failure must contain (1) the identity of the arrested driver by full legal name, date of birth, and driver's license number; (2) the probable cause affidavit; (3) a copy of the statutory warning; (4) the driver's current address; (5) a copy of the analysis of the breath or blood specimen; (6) the notice of suspension; (7) a copy of the criminal complaint; and (8) any other information required by the DPS on its approved form.

Before the administrative hearing, Cortinas requested production of "any and all paper work that the Department intends to use at the hearing," including but not limited to the DWI Statutory Warning, Notice of Suspension, sworn report filed by the arresting officer and a copy of the Intoxilyzer slip showing test results. The DPS forwarded all of the requested documents. The DPS introduced, and the administrative law judge admitted, all of the documents requested at the administrative hearing, except the Notice of Hearing. The DPS did not forward a copy of the criminal complaint to Cortinas or offer it into evidence at the administrative hearing.

Cortinas did not allege the DPS committed discovery abuse by failing to produce a copy of the criminal complaint. Instead, Cortinas argued the case should be dismissed because section 524.011(c) of the transportation code and section 17.4(2) of

37 Texas Administrative Code are mandatory and the DPS did not show compliance with either section. We need not determine whether these provisions are mandatory or directory because the record does not establish that the DPS violated either provision. Compliance with section 524.011(c) of the transportation code and section 17.4(2) of 37 Texas Administrative Code are not issues the DPS must prove at an administrative license revocation hearing. *See* Tex.Transp.Code Ann. § 524.035(a), (b) (Vernon Pamph.1998). Therefore, the DPS was not obligated to present evidence showing compliance with these sections at the administrative hearing. Moreover, there is no evidence that the DPS's failure to show compliance or to produce the criminal complaint at the administrative hearing substantially prejudiced Cortinas's rights.[1] Accordingly, the county court at law erred in overruling the administrative order on these grounds. We sustain the DPS's second and third points of error.

## IV. Admissibility of Evidence

■ In its fifth, sixth, and ninth points of error, the DPS complains the county court at law erred as a matter of law by finding the administrative law judge improperly admitted breath test results and the DWI Statutory Warning. We review administrative rulings on the admission or exclusion of evidence under an abuse of discretion standard. *See Texas Dep't of Public Safety v. Mendoza,* 956 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1997, no pet.). A court abuses its discretion if it acts without reference to any guiding rules and principles or acts arbitrarily and unreasonably. *Id.*

## A. Breath Test Results

■ In its fifth and sixth points of error, the DPS contends the county court

---

1. Regardless of whether criminal charges were ever filed, the DPS could still maintain an action to revoke a driver's license by proving the elements listed in section 524.035(a),

(b) by a preponderance of the evidence at an administrative hearing. *See Texas Dept. of Public Safety v. Norrell,* 968 S.W.2d 16, 20 (Tex.App.—Corpus Christi 1998, no pet.).

at law erred by finding the administrative law judge improperly admitted breath test results because the DPS did not lay the proper predicate required by section 524.038 of the transportation code and by *Harrell v. State,* 725 S.W.2d 208 (Tex. Crim.App.1986). At the administrative hearing, the administrative law judge admitted the affidavit of Vicki L. Baker, custodian of the records and Certified Technical Supervisor for Area 032, Texas Breath Alcohol Testing Program. The affidavit stated that Officer McFadden, a certified breath test operator, administered a breath test to Cortinas on October 11, 1996. McFadden conducted the test on a certified instrument and administered the test in compliance with the laws of the State of Texas and regulations of the Texas Breath Alcohol Testing Program. Baker further stated the records show the breath test instrument was reliable and in proper working condition at the time of the test and the test is a valid test according to the regulations. The analytical results of the test disclosed concentrations of 0.137 and 0.142, both of which were valid analytical results.

At the administrative hearing, Cortinas objected to the admission of the affidavit on the basis that it was hearsay and it omitted "the predicate in reference to 524.038(a) of the Transportation Code." Section 524.038, however, provides a statutory exception to the hearsay rule. *See Texas Dept. of Public Safety v. Cantu,* 944 S.W.2d 493, 496 (Tex.App.—Houston [14th Dist.] 1997, no writ).[2] Section 524.038 provides as follows:

(a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter by affidavit from the certified breath test

technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.

(b) An affidavit submitted under Subsection (a) must contain statements on:

(1) the reliability of the instrument and the analytical results; and

(2) compliance with state law in the administration of the program.

(c) An affidavit of an expert witness contesting the reliability of the instrument or the results is admissible.

(d) An affidavit from a person whose presence is timely requested under this section is inadmissible if the person fails to appear at a hearing without a showing of good cause. Otherwise, an affidavit under this section may be submitted in lieu of an appearance at the hearing by the breath test operator, breath test technical supervisor, or expert witness.

TEX.TRANSP.CODE ANN. § 524.038 (Vernon Pamph.1998).

In this case, the affidavit complies with the requirements of subsection (b). Moreover, because Cortinas did not request Baker's presence at the hearing, the DPS properly submitted the affidavit under subsection (d). Therefore, the affidavit was admissible at the administrative hearing. The county court at law abused its discretion in finding the administrative law judge improperly admitted the affidavit.

Cortinas also argued at the hearing before the county court at law that the affidavit and the breath test slip were inadmissible because the DPS did not lay a proper predicate and show the proper use of a reference solution under *Harrell v. State,* 725 S.W.2d 208 (Tex.Crim.App. 1986). *Harrell* recites the predicate for admissibility of a breath test in a DWI prosecution. *Id.* at 209. The *Harrell* re-

---

**2.** We recognize that the Texas Rules of Evidence apply to administrative license revocation hearings with certain statutory exceptions. *See* TEX.GOV'T CODE ANN. § 2001.081 (Vernon 1998); 1 TEX.ADMIN.CODE § 159.23(b) (making section 2001.081 of the government

code applicable to administrative license revocation hearings). Nevertheless, when a statute specifically provides that a certain type of evidence is admissible at trial, it overrules any language to the contrary in the rules of evidence. *See* TEX.R.EVID. 101(b).

quirements, however, do not apply to an administrative license revocation proceeding. *See Nordin,* 971 S.W.2d at 93. Section 524.038, and not *Harrell,* governs the admissibility of the breath test affidavit at an administrative license revocation hearing. *See* TEX.TRANSP.CODE ANN. § 524.038 (Vernon Pamph.1998). Because the DPS proved the reliability of the breath test by affidavit under section 524.038 of the transportation code, the administrative law judge properly admitted the affidavit. The county court at law abused its discretion in finding otherwise. Accordingly, we sustain the DPS's fifth and sixth points of error.

## B. DWI STATUTORY WARNING

In its ninth point of error, the DPS contends the county court at law erred by finding the administrative law judge improperly admitted the DWI Statutory Warning. At the administrative hearing, Cortinas objected to the admissibility of the Warning on the grounds that (1) the breath test operator was not made available as requested; (2) the document was "illegible, unsworn, conclusory hearsay"; (3) the certification was illegible; (4) the document lacked authentication of signatures on the document; and (5) there was no evidence the document had been filed within five days as required by section 524.011(a)(2). The administrative law judge overruled her objections and admitted the document.

In her Original Petition to Set Aside Administrative Order Suspending License, Cortinas complained that the Statutory Warning was improperly admitted because it was unsworn and conclusory, signatures on the form were unauthenticated, and the certification was illegible. Cortinas presented no argument at the hearing before the county court at law on this objection. Yet, the county court at law specifically declined to make findings of fact based on the Statutory Warning because it was unsworn and without verification of signatures.

The admission of the Statutory Warning over Cortinas's verification objection was not an abuse of discretion. The Peace Officer's Sworn Report, which McFadden signed under oath before a notary, was properly admitted at the administrative license revocation hearing as a public record exception to the hearsay rule under Texas Rule of Evidence 803(8). *See Mendoza,* 956 S.W.2d at 811. The Sworn Report specifically incorporates by reference the text of the Statutory Warning. Therefore, for all purposes, the Statutory Warning, by its incorporation into the Sworn Report, was sworn to by McFadden. *See Tex. Dep't of Public Safety v. Gratzer,* 982 S.W.2d 88, 90 (Tex.App.— Houston [1st Dist.] 1998, no pet.). Moreover, McFadden testified at the administrative hearing that he provided Cortinas with a copy of the Statutory Warning to read as he read the warning to her. After giving the warning, McFadden asked Cortinas to submit to a breath or blood test. "When an objection to evidence is properly made, the subsequent presentation of essentially the same evidence without objection waives any complaint regarding the admission of the evidence." *Marling v. Maillard,* 826 S.W.2d 735, 739 (Tex.App.— Houston [14th Dist.] 1992, no writ).

Likewise, the admission of the Statutory Warning over Cortinas's authentication objection was not an abuse of discretion. The document was properly certified as a public record under Rule 902(4) of the Texas Rules of Evidence by the custodian of records for the DPS. *See* TEX. R.EVID. 902(4); *Mendoza,* 956 S.W.2d at 811. The county court at law erred as a matter of law in finding the document inadmissible for lack of verification of signature and authentication. We sustain the DPS's ninth point of error.

Accordingly, we reverse the judgment of the county court at law and render judgment affirming the administrative order.