**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**William B. SCHLEISNER, II, Appellee.**

No. 14–10–00469–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 2011.

Ruth Brown Mescall, Houston, TX, Ketan Natvarlal Patel, Austin, TX, for appellant.

David Paul Walker, Galveston, TX, for appellee.

Panel consists of Chief Justice HEDGES, and Justices FROST, and CHRISTOPHER.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, the Texas Department of Public Safety (the "DPS"), appeals an order of the county court at law reinstating the driver's license of appellee, William B. Schleisner, II. Schleisner was arrested for driving while intoxicated, and the arresting officer recorded that Schleisner refused to submit a breath specimen for testing. His license was suspended thereafter. An administrative law judge (the "ALJ") subsequently upheld the suspension. When Schleisner challenged the ALJ's suspension in the county court at law, the court reversed the ALJ's suspension order. The DPS now challenges the county court at law's order reversing the ALJ's decision. In its sole issue, the DPS argues that the county court at law's order should be reversed because the court impermissibly substituted its judgment for that of the ALJ in determining that Schleisner's request for an attorney was not a refusal to submit a breath specimen. We reverse the county court at law's order and render judgment reinstating the ALJ's order.

## I. BACKGROUND

On June 28, 2009, Schleisner was arrested for driving while intoxicated after he failed three standard field sobriety tests and exhibited signs of intoxication at the scene of an automobile accident. Schleisner was detained by Officer James McGuire and taken to the police station where McGuire read him the DIC–24 statutory warnings.[1] Schleisner claims that he responded to Officer McGuire's request for a breath specimen by asking if he could call his attorney.[2] The officer recorded this response on his sworn report as a refusal to submit the sample[3] and, as a result, appellee's license was administratively suspended.[4]

---

1. See Tex. Transp. Code Ann. § 724.015 (West Supp.2009).

2. Officer McGuire later testified that he could not remember exactly how Schleisner responded to his request, only that he refused to submit to the taking of a breath specimen. We will assume, as the DPS apparently assumes, that Schleisner requested to speak to an attorney in response to Officer McGuire's request for a breath specimen.

3. Schleisner's signed "Statutory Warning" form did not have the "subject refused" box checked. McGuire did check the "refusal" box on the "Peace Officer's Sworn Report," which McGuire signed.

4. See Tex. Transp. Code Ann. § 724.035(a).

## A. Administrative Hearing

Schleisner appealed the suspension of his license by requesting an administrative hearing with the DPS.[5] At the hearing, Schleisner argued that his asking to speak to his attorney did not equate to a refusal to give a breath specimen. He maintained that simply asking to speak to an attorney was not akin to refusing to submit the sample until consulting counsel. The ALJ found that Schleisner was properly requested to submit to a breath test and refused, therefore, upholding the suspension of Schleisner's license.

## B. County Court at Law's Judicial Review of ALJ's Order

Schleisner appealed the ALJ's decision by filing a petition of appeal with the county court at law in Galveston County.[6] In that court, Schleisner made the same argument as he made before the ALJ: that his request to speak with an attorney was not tantamount to á refusal to submit a breath specimen. The county court at law granted Schleisner's petition and reversed the suspension of his license, finding that Schleisner did not refuse to provide a breath sample.

The DPS filed this appeal challenging the order of the county court at law. In its sole issue, the DPS contends that the trial court substituted its judgment for that of the ALJ when it agreed with Schleisner's argument that requesting to speak to an attorney did not constitute a refusal to provide a breath sample.

## II. STANDARD OF REVIEW

A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of that decision. Tex. Transp. Code Ann.

§ 524.041 (West 2007). When reviewing an administrative suspension, courts use a substantial evidence standard of review. Tex. Gov't Code Ann. § 2001.174 (West 2008); *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999). In applying this standard, a reviewing court may not substitute its judgment for that of the agency. *Mireles*, 9 S.W.3d at 131. The issue for the court is not the correctness of an agency's decision but whether the record demonstrates some reasonable basis for the administrative action. *Id.* Courts must affirm agency actions which are supported by more than a scintilla of evidence. *Id.*

## III. EVIDENCE SUPPORTS THE ALJ'S ORDER

### A. Proof Required to Uphold Suspension

To uphold the suspension of a driver's license, a reviewing ALJ must find that the DPS proved four elements by a preponderance of the evidence at the administrative hearing: (1) the officer had reasonable suspicion or probable cause to stop or arrest the person, (2) the officer had probable cause to believe that the person was operating a motor vehicle in a public place while intoxicated, (3) the officer arrested the driver and asked him to submit to the taking of a breath specimen, and (4) the driver refused to submit to the taking of a specimen on request by the officer. *See* Tex. Transp. Code Ann. §§ 724.042, 724.043 (West Supp.2009). The only contested element in this case is the last: whether Schleisner refused to submit to a breath test at Officer McGuire's request.

### B. Section 724.032 and Refusal

An arrestee's refusal to provide a blood or breath specimen for testing need

---

5. *See id.* § 724.041(a).

6. *See* Tex. Transp. Code Ann. § 524.041(b) (West Supp.2009).

not be express. *Id.* § 724.032(a) ("If a person refuses to submit to the taking of a specimen, whether expressly or because of an intentional failure of the person to give the specimen, the peace officer shall: (1) serve notice of license suspension or denial on the person . . . ."); *id.* §- 724.061; *Tex. Dep't of Pub. Safety v. Fecci,* 989 S.W.2d 135, 140 (Tex.App.-San Antonio 1999, pet. denied) ("[A] defendant need not give the officer a definite 'no' about whether or not he will take the test."). Instead, a response that evades or ignores the legal request of an officer for such a test may be considered a refusal to submit. *See, e.g., Tex. Dep't of Pub. Safety v. O'Donnell,* 998 S.W.2d 650, 655 (Tex.App.-Fort Worth 1999, no pet.) (determining that the ALJ had substantial evidence to support his determination that O'Donnell had refused to submit a blood specimen where she had consented to the test, then refused, and then allegedly consented again after being calmed by a doctor in the emergency room); *Tex. Dep't of Pub. Safety v. Latimer,* 939 S.W.2d 240, 245 (Tex.App.-Austin 1997, no writ) (concluding that Latimer's response to the officer's request for a specimen, repeatedly asking to talk to his wife, could be found by the ALJ to be a refusal); *Ott v. Tex. Dep't of Pub. Safety,* 958 S.W.2d 294, 296 (Tex.App.-Austin 1998, no pet.) (holding that conclusion of refusal was reasonable when Ott closed her eyes, stared at the ceiling, and asked for her mother in response to the officers' repeated requests).

■ An arrestee's request to consult an attorney[7] may, at times, be reasonably seen as a refusal to submit a specimen for testing. *See Tex. Dep't of Pub. Safety v. Raffaelli,* 905 S.W.2d 773, 777–78 (Tex.

App.-Texarkana 1995, no writ) (determining that the ALJ had sufficient evidence to conclude Raffaelli's insistence on giving a breath sample only in his attorney's presence was a refusal to provide the specimen); *Fecci,* 989 S.W.2d at 140 (it was reasonable for the ALJ to find that Fecci's request to talk to his attorney when asked to take a breath test was a refusal to provide the specimen).

■ Furthermore, any conflict in the evidence concerning a person's refusal to provide a breath specimen is a matter of fact for the ALJ to resolve because the reviewing court cannot substitute its judgment for that of the ALJ regarding the weight of the evidence. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008); *City of El Paso v. Pub. Util. Comm'n of Tex.,* 883 S.W.2d 179, 185 (Tex.1994). Thus, the ultimate question for the court on review is whether it is reasonable for an agency to have concluded from the evidence that an arrestee refused to submit a breath specimen. *See City of El Paso,* 883 S.W.2d at 185.

### C. Schleisner's Refusal

■ In this case, there was sufficient evidence for the ALJ to conclude that Schleisner had refused to provide a breath specimen. Officer McGuire testified at the administrative hearing that although he did not recall Schleisner's exact words, he was certain that after he had requested the sample, Schleisner refused to submit a breath specimen. McGuire told Schleisner that he was going to "take that as a refusal" and had Schleisner sign the "Statutory Warning" form confirming that Schleisner was refusing to submit to the taking of the

---

7. A criminal defendant has no right to an attorney prior to or during the administration of a chemical breath test. *McCambridge v. State,* 778 S.W.2d 70, 72–73 (Tex.Crim.App. 1989). In addition, public safety officers are not required to advise an arrestee that he has no right to an attorney's presence during the administration of the test. *See Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App. 1993) (en banc).

breath specimen. In addition, the "Peace Officer's Sworn Report" was submitted to the ALJ and further confirmed Officer McGuire's testimony that Schleisner had refused the test.

Moreover, it was the ALJ's task to resolve any issues of fact relating to Schleisner's refusal to provide the sample. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008); *City of El Paso*, 883 S.W.2d at 185. It is not for this court or the county court at law to substitute its judgment for the ALJ's factual conclusions at issue here. *See Mireles*, 9 S.W.3d at 131. The record demonstrates a reasonable basis for the administrative action and the testimony of Officer McGuire and the written forms provided are more than a scintilla of evidence to support the ALJ's finding that Schleisner refused to take the breath test. *See City of El Paso*, 883 S.W.2d at 185. The county court at law erred in deciding otherwise. Accordingly, we sustain the DPS's sole issue.

### IV. CONCLUSION

Because we conclude that the ALJ's findings were reasonable and based on substantial evidence, we reverse the order of the county court at law and render judgment reinstating the order of the administrative law judge.