**Reversed and Rendered and Memorandum Opinion filed December 5, 2013**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01020-CV

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### CHAD PETEREK, Appellee

**On Appeal from the County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-CCV-048305**

## M E M O R A N D U M   O P I N I O N

Appellant Texas Department of Public Safety ("DPS") appeals the county court at law's order reversing an administrative decision affirming the revocation of appellee Chad Peterek's driver's license. We reverse the judgment of the county court at law and render judgment reinstating the administrative decision.

## BACKGROUND

Corporal Joseph Lawrence, a DPS trooper, witnessed Peterek stopped at a

red light in his red Chevy Camaro on December 22, 2011. Peterek's front tires were positioned past the designated stop line; when the light turned green, "the Camaro took off at a high rate of speed, squealed its tires, ma[d]e a left turn and as it made that turn swerved — fishtailed as it was traveling down the roadway." Corporal Lawrence turned on his emergency lights, initiated a traffic stop, identified himself, and asked for Peterek's identification. Corporal Lawrence testified:

> I started a conversation with him. I detected odor of alcoholic beverages coming from the car. I had him step out of the car. I asked him about consuming alcoholic beverage. He admitted consuming alcoholic beverage. During our conversation there were signs of intoxication that I saw . . . the speech and simple directions I was giving him he was unable to — be able to respond to questions.

Corporal Lawrence administered field sobriety tests and determined that Peterek was driving while intoxicated; then, he arrested Peterek and requested a breath sample. Peterek refused, and his driver's license was suspended for 180 days pursuant to section 724.035 of the Texas Transportation Code.

Peterek requested a hearing on the suspension. On May 29, 2012, DPS and Peterek presented arguments and Corporal Lawrence testified before an administrative law judge at the State Office of Administrative Hearings. On June 7, 2012, the administrative law judge signed a decision that included the following findings of fact:

> 1)    On 12/22/2011, reasonable suspicion to stop the Defendant existed, in that Cpl. Lawrence observed Defendant operate a motor vehicle and stop with his front tires past the designated stopping point at US 59 feeder road and SH 6 in Sugar Land, Fort Bend County, Texas.
>
> 2)    On the same date, probable cause to arrest the Defendant existed, in that probable cause existed to believe that Defendant was

2

operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Cpl. Lawrence observed Defendant to have a strong odor of alcohol on his breath and red, bloodshot eyes. Defendant admitted drinking wine. Cpl. Lawrence administered the Horizontal Gaze Nystagmus test and observed six clues of intoxication.

3)    Defendant was placed under arrest and was properly asked to submit a specimen of blood or breath.

4)    After being requested to submit a specimen of breath or blood, Defendant refused.

The administrative law judge concluded that the suspension of Peterek's license was authorized under the Transportation Code, and he affirmed the suspension.

Peterek appealed that decision. On October 16, 2012, the county court at law signed an order reversing the administrative decision and stating that "[t]he agency's findings, inferences, and decisions are not reasonably supported by substantial evidence considering the evidence in the record as a whole." This appeal followed.

In two issues, DPS argues that the county court at law erred by concluding that substantial evidence did not support findings of (1) reasonable suspicion to justify Corporal Lawrence's initial stop of Peterek, and (2) probable cause to justify Peterek's arrest for driving while intoxicated. Peterek argues that "Corporal Lawrence's behavior was egregious and outrageous," and that "Corporal Lawrence was abusive" to Peterek and Peterek's companion. Because the behavior was captured in footage from Corporal Lawrence's dashboard camera that was submitted into evidence, Peterek contends that "Corporal Lawrence's entire testimony, report[,] and rendition of events are called into question."[1]

---

[1] The dashboard camera video was not included in the record on appeal when that record

3

**ANALYSIS**

Courts review administrative license suspension decisions under the substantial evidence standard. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). In applying this standard, "a court may not substitute its judgment for the judgment of the state agency." Tex. Gov't Code Ann. § 2001.174 (Vernon 2008). The issue for the court is not the correctness of an agency's decision, but whether the record demonstrates some reasonable basis for the administrative action. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Tex. Dep't of Pub. Safety v. Schleisner*, 343 S.W.3d 292, 295 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Courts must affirm agency actions which are supported by more than a scintilla of evidence. *Mireles*, 9 S.W.3d at 131; *Schleisner,* 343 S.W.3d at 295. In fact, an administrative decision may be sustained even if the evidence preponderates against it. *Mireles*, 9 S.W.3d at 131.

**I.     Reasonable Suspicion**

An officer has reasonable suspicion to stop a driver when the officer witnesses the driver committing a traffic offense. *Tex. Dep't of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 888 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). "An operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line." Tex. Transp. Code Ann. § 544.007(d) (Vernon Supp. 2013). Corporal Lawrence testified that, when he first observed Peterek in his Camaro, "the front tires [of Peterek's Camaro] were past the line."

This testimony constitutes more than a scintilla of evidence and is sufficient

---

initially was forwarded to this court. Following an abatement and a hearing in the trial court, a copy of the dashboard camera video was filed in this court on November 7, 2013. This court has reviewed the video in connection with consideration of Peterek's challenges to the trial court's order.

4

to support the finding that Corporal Lawrence had reasonable suspicion for his initial stop of Peterek. *See Cortinas*, 996 S.W.2d at 888.

## II. Probable Cause

Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by preponderance of the evidence. *Id.* A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a vehicle in a public place." Tex. Penal Code Ann. § 49.04 (Vernon Supp. 2013). A person is intoxicated if he (1) does not have the "normal use of mental or physical faculties by reason of the introduction of alcohol . . . or any other substance into the body" or (2) has an alcohol concentration of 0.08 or more. *Id.* § 49.01 (Vernon 2011).

Corporal Lawrence testified that he "detected the odor of alcoholic beverages" coming from Peterek's car and that Peterek had trouble responding to simple questions. Further, in his sworn officer's report — which was admitted into evidence without objection — Corporal Lawrence noted that Peterek had "red blood shot eyes" and demonstrated "all six clues" of intoxication during the administration of field sobriety tests. Based on Corporal Lawrence's testimony and sworn officer's report, we conclude that the evidence is more than a scintilla and sufficient to support the finding that Corporal Lawrence had probable cause to arrest Peterek for driving while intoxicated. *See Cortinas*, 996 S.W.2d at 889.

Peterek's contention that Corporal Lawrence behaved so outrageously as to undermine the validity of his testimony presents an issue of fact; it was the

administrative law judge's task to resolve that issue. *See Schleisner*, 343 S.W.3d at 297. It is not for this court or the county court at law to substitute its judgment for the administrative law judge's factual conclusions at issue here. *See id.*

Accordingly, we conclude that substantial evidence supports the findings of the administrative law judge, and the county court at law erred in reversing the administrative decision.

## CONCLUSION

We reverse the order of the county court at law and render judgment reinstating the administrative decision.


/s/    William J. Boyce
          Justice


Panel consists of Justices Boyce, Jamison, and Busby.