**Jerry WILIE and Natalie Wilie, individually and as next friends of Madison Wilie, Cole Austin Wilie, and Mason Wilie, Appellants,**

v.

**SIGNATURE GEOPHYSICAL SERVICES, INC., and Elexco Corporation, Appellees.**

No. 14–00–00830–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 2001.

Rehearing Overruled Jan. 31, 2002.

Scott Rothenberg, Bellaire, for appellants.

Robert L. Steinberg, Houston, Kelly J. Friedman, Sugar Land, Timothy P. Herron, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Jerry Wilie and Natalie Wilie, Individually and as Next Friends of Madison Wilie, Cole Austin Wilie, and Madison Alexander Wilie, (collectively "appellants"), appeal the entry of summary judgment in favor of Signature Geophysical Services, Incorporated, and Elexco Corporation (collectively "Signature"). We affirm.

## I. FACTUAL BACKGROUND

On August 4, 1985, Jack Sonnier (Sonnier) was working for Signature Geophysical Services, Inc. He arrived at work at approximately 7:00 a.m. and left work at approximately 3:00 that afternoon. Upon leaving work, Sonnier and his colleague, Steven Robin, were told their paychecks were not ready and to come back at 6:00 that evening. In order to pass the time, Sonnier, Robin, and a couple of other people decided to purchase beer and go fishing. After a couple of hours of fishing and drinking, Sonnier and Robin decided to go back to the office to get their paychecks. On the way, they stopped to purchase more beer. After leaving the store, Sonnier, driving his personal vehicle, made an illegal pass on the right shoulder. Upon returning his vehicle to the roadway, Sonnier drove across the center turn lane and into oncoming traffic. His vehicle hit appellants' car head-on.

Appellants filed suit against Signature on the basis of respondeat superior alleging Sonnier was in the course and scope of his employment when the accident occurred. Signature moved for summary judgment on two grounds: (1) as a matter of law, Sonnier was not in the course and scope of his employment at the time of the automobile accident, and (2) after adequate time for discovery, appellants had no evidence that Sonnier was in the course and scope of employment when the accident occurred.[1] The trial court granted Signature's motion without specifying the grounds therefor. Appellants filed a motion for new trial that was overruled by the trial court. This appeal ensued.

Appellants allege the trial court erred in granting Signature's motion for summary judgment for three reasons: (1) there was a genuine issue of material fact regarding whether Sonnier was in the course and scope of his employment when the accident occurred; (2) the motion for summary judgment was granted in favor of *Elexco* but the motion was filed by *Exelco;* and (3) Signature's motion for summary judgment was not based upon competent summary judgment evidence. Because of our disposition of these issues, we will not address them in the same order in which they were presented.

## II. TRADITIONAL MOTION FOR SUMMARY JUDGMENT— 166a(c)

### a. Standard of Review

■ The function of a summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact, but rather to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). Appellate courts review summary judgments under the well-established standards set forth in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985):

---

1. Signature combined a traditional motion for summary judgment with a no evidence motion for summary judgment. *See* Tex.R. Civ. P. 166a (c), (i).

1. The movant for summary judgment has the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a material disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

A defendant, as movant, is entitled to summary judgment if it (1) disproves at least one element of each of the plaintiff's theories of recovery, or (2) pleads and conclusively establishes each essential element of an affirmative defense thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979).

**b. Discussion**

■ Signature moved for summary judgment on the basis that Sonnier was not in the course and scope of his employment when the accident occurred. Indulging every reasonable inference in favor of appellants, the facts are as follows:

(1) Sonnier was released from his work duties at 3:00 p.m., but did not sign out.

(2) Sonnier was instructed to come back at 6:00 or 6:30 p.m. to receive his paycheck.

(3) Sonnier left Signature's premises and went fishing with some friends.

(4) After consuming several beers, Sonnier got in his car and was driving to Signature, intending to pick up his paycheck.

(5) While en route to his place of employment, Sonnier was involved in a car accident.

■ In general, the test for determining whether an employee was acting within the course and scope of employment is whether the master had the right to direct and control the servant's performance of the alleged negligent act. *American Nat'l Ins., Co. v. Denke*, 128 Tex. 229, 95 S.W.2d 370, 373 (1936). In order to meet this test, the employee's act must (1) be within the employee's general authority, (2) be in the furtherance of the employer's business, and (3) be for the accomplishment of the object for which the employee was hired. *Direkly v. ARA Devcon, Inc.*, 866 S.W.2d 652, 654 (Tex.App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (citing *Chevron U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 355 (Tex.App.—El Paso 1993, no writ)).

■ An employee is generally not in the course and scope of employment while driving his own vehicle to or from his place of work. *Mata v. Andrews Transp., Inc.*, 900 S.W.2d 363, 366 (Tex.App.—Houston [14th Dist.] 1995, no writ). This rule is based on the premise that an injury occurring while traveling to and from work has nothing to do with the risks associated with a place of employment. *Smith v. Texas Employers' Ins. Assn.*, 129 Tex. 573, 105 S.W.2d 192, 193 (1937). There is an exception to this rule when an employee has undertaken a special mission. *Direkly*, 866 S.W.2d at 654 (citing *Chevron*, 847 S.W.2d at 356). A special mission is a specific errand that an employee undertakes at the specific request of his employer. *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 621–22 (Tex.App.—Fort Worth 1997, pet. denied). An employee is not engaged in a special mission when the employer neither requires a particular means of travel, nor directs the employee to take a particular route. *Id.* at 622.

In support of the proposition that Sonnier was in the course and scope of his employment at Signature Geophysical Ser-

vices, Inc., appellants refer this court to *INA of Texas v. Bryant,* 686 S.W.2d 614 (Tex.1985).[2] In *Bryant,* the plaintiff was a part-time bakery worker who had been laid-off. When she returned to the bakery to pick up her paycheck, she fell and was injured. *Id.* The Texas Supreme Court found summary judgment was precluded because a fact issue existed as to whether the plaintiff was directed or reasonably believed that she was required to return to the place of employment to pick up her check. *Id.* at 615. The key, therefore, to the *Bryant* case was the character of Bryant's presence at her place of employment. *Id.* The court held that when the plaintiff is directed or reasonably believes that she is required to return to her place of employment and the plaintiff's injuries were of the type which originated in the employer's place of business, such injury is incurred in furtherance of the employer's affairs. *Id.*

The critical distinction between the facts of *Bryant* and the facts of this case is where the injury occurred. In *Bryant,* the plaintiff was injured at the place of employment, while in furtherance of the employer's business. *Id.* Bryant's injury was one that was otherwise properly compensable: it happened while at the place of employment, and was of the kind and char-acter that had to do with the employer's business. *Id.*

It is undisputed the accident in this case did not occur on the employer's property. Rather, the accident occurred while the employee was traveling to his place of employment. Therefore, appellants' contention that the rule set forth in *Bryant* is applicable to this case is misplaced. The general rule is that an employee is not in the course and scope of his employment while traveling to and from work. *Mata,* 900 S.W.2d at 366. There is an exception to this rule if an employee was engaged in a special mission at the direction of an employer. *Direkly,* 866 S.W.2d at 654 (citing *Chevron,* 847 S.W.2d at 356). Appellants do not allege that Sonnier was engaged in a special mission at the direction of his employer (to go fishing and drinking and then return to work to pick up his paycheck) when the accident occurred. Because there are no other exceptions to take Sonnier out of the general rule, we must apply the general rule. Under the general rule, Sonnier was traveling to work and, as a matter of law, was not in the course and scope of his employment when the accident occurred.

■ It is immaterial whether Sonnier was instructed or required to come back to work to pick up his paycheck because the

---

**2.** Appellants also direct this court to numerous cases from Louisiana where employees were held to be in the course and scope of their employment at the time of the accident. *See Roger v. Dufrene,* 553 So.2d 1106 (La.Ct. App.1989); *Castille v. All American Ins. Co.,* 550 So.2d 334 (La.Ct.App.Dist.1989); *Hebert v. Witherington,* 520 So.2d 1075 (La.Ct.App. 1987); *Torres v. U.S. Fidelity and Guar. Co.,* 499 So.2d 1293 (La.Ct.App.1986). These cases are unpersuasive for four reasons. First, these cases have no precedential value for this court. *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993) (noting the appellate courts in Texas are only obligated to follow precedents from higher

Texas courts and the United States Supreme Court). Second, the facts of the cases cited by appellants are distinguishable from the facts presented in the case at bar. Third, to the extent these cases are not clearly distinguishable, their holdings are contradictory to doctrine firmly established in Texas. Finally, we are not required or permitted to look beyond the jurisprudence of Texas unless there is no authority on point to guide us in our disposition of a case. *See Quality Oilfield Prod. v. Michigan Mut. Ins. Co.,* 971 S.W.2d 635, 637 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (stating the court will turn to other jurisdictions for guidance when it is presented with a question of first impression).

incident which is the basis of this lawsuit occurred while Sonnier was traveling to work and not while Sonnier was at work. Requiring an employee to come to work at a certain time in order to do something that is in the furtherance of an employer's business will not take an employee out of the general rule and put him in the course and scope of his employment while he is traveling. Otherwise, every employee who is required to be at work at a specific time would be in the course and scope of employment while traveling to work, rendering employers liable for their employees' accidents while commuting to work. There is no authority in Texas supporting this expansion of employer liability by placing a commuting employee within the course and scope of employment. Therefore, we will not extend the course and scope umbrella in *Bryant* beyond the employer's premises.

The sole theory upon which appellants base Signature's liability is respondeat superior. In order to prevail, appellants must raise a genuine issue of material fact as to whether Sonnier was acting within the course and scope of his employment. Because the accident occurred while Sonnier was traveling to work, we hold he was not in the course and scope of his employment at the time of the accident. Appellants have not raised a genuine issue of material fact regarding Sonnier's status, and Signature is entitled to judgment as a matter of law. Inasmuch as summary judgment was properly granted in favor of Signature, we overrule appellants' first point of error.

### c. Signature's Summary Judgment Proof

Appellants assert portions of the summary judgment proof attached to Signature's motion are not competent summary judgment evidence.[3] Specifically, appellants allege the affidavits of Larry Dunn (Party Manager for Signature's drill site) and Jackie Alleman (Signature's Field Clerk) are incompetent because: (1) they consist of conclusory statements, not based upon personal knowledge; (2) they do not meet the formal requirements of Texas Rule of Civil of Procedure 166a(f); (3) the statements contained in the affidavits constitute hearsay; and (4) they do not have a seal of the notary public as required by Texas Government Code section 312.011(1). In addition, appellants assert the documents attached to these affidavits are not competent summary judgment proof on the ground that they are hearsay because a proper foundation was not laid for their admission and because they are not authenticated.

We agree with appellants' contention the affidavits of Dunn and Alleman are defective, and are not competent summary judgment proof, due to the absence of the notary's seal. An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). An affidavit without a notary's seal is not properly notarized and is defective. *Montgomery v. State*, 60 Tex.Crim.App. 303, 131 S.W. 1087, 1088 (1910); *Clendennen v. Williams*, 896 S.W.2d 257, 260 (Tex. App.—Texarkana 1995, no writ). The affidavits of Larry Dunn and Jackie Alleman are defective because they do not have a notary public seal on them. Therefore,

---

**3.** Signature's summary judgment proof consists of: (1) Plaintiff's Original Petition; (2) Larry Dunn's affidavit; (3) Jackie Alleman's affidavit; (4) a police report; and (5) an excerpt from Steve Robin's deposition.

they are not competent summary judgment evidence and we will disregard those affidavits and the documents incorporated therein for purposes of our review of the summary judgment in favor of Signature. However, even disregarding these affidavits and associated documents, we still hold the trial court did not err in granting Signature's motion for summary judgment. Therefore, we overrule appellants' third point of error.

## III. NO EVIDENCE MOTION FOR SUMMARY JUDGMENT, 166a(i)

 When the trial court does not specify the ground upon which it granted summary judgment, we must affirm the judgment if any of the movant's theories with respect to the claim are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Because we hold Signature is entitled to summary judgment as a matter of law and appellants have not raised a genuine issue of material fact, it is unnecessary to address Signature's no evidence motion for summary judgment.

## IV. EXELCO versus ELEXCO

 In one paragraph appellants allege the trial court erred in granting summary judgment in favor of *Elexco* based upon a motion for summary judgment filed by *Exelco*. Appellants do not assert any authority in support of their contention that the typographical error in the motion required the trial court's denial

of Signature's motion for summary judgment.[4] We find appellants were not misled in any way regarding who the true parties to the motion were. Nor were appellants prejudiced by this error. Generally, a misnamed pleading will not fail if it gives adequate notice to the opposing parties. Tex.R. Civ. P. 71. The court will look to the substance of the pleading. Using these principles, we hold the trial court did not err in granting Signature's motion for summary judgment in which Elexco's name was misspelled. We overrule appellants' second point of error.

## V. CONCLUSION

Because we have overruled all of appellants' points of error, we affirm the trial court's judgment.

---

**4.** Alternatively, we find appellants have waived any alleged error with regard to this point of error. When an appellant cites no authority in support of its point of error, it waives error. *See* Tex.R. App. P. 38.1. In support of this point of error, appellants refer us to a case which stands for the proposition that specific grounds for summary judgment must be presented in the motion for summary judgment and *not* in a contemporaneously filed brief. *See McConnell v. Southside Inde-*

*pendent School District,* 858 S.W.2d 337 (Tex. 1993). The holding of *McConnell* is not applicable to appellants' second point of error. As such, appellants cite no authority in support of this point of error and it is waived. *See* Tex.R. App. P. 38.1.; *see also Novosad v. Cunningham,* 38 S.W.3d 767, 771 (Tex.App.—Houston [14th Dist.] 2001, no pet. h.) (holding when a party cites no authority in support of its point of error, that issue is waived).