United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-41617
Summary Calendar

———————————————

JOSE VILLARREAL, Individually and as Personal
Representative of the Estate of Jorge Villarreal,
Deceased; ROSA VILLARREAL, Individually and as
Personal Representative of the Estate of Jorge
Villarreal, Deceased,

                    Plaintiffs - Appellants

     v.

CITY OF MERCEDES, TEXAS, ET AL.

                    Defendants

CITY OF MERCEDES, TEXAS

                    Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-99-CV-163
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jose and Rose Villarreal, Texas residents, appeal from the

district court's order granting summary judgment to defendant

City of Mercedes ("City").  The Villarreals filed this 42 U.S.C.

§ 1983 civil rights complaint as representatives of the estate of

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

their deceased son, Jorge. They alleged that the City violated Jorge's due process rights by having a deliberately indifferent policy or practice by which it permitted and even encouraged a public-works employee, defendant Lazaro Castellano, to drive under the influence of alcohol. They also asserted a claim under the Texas Tort Claims Act ("TTCA").

Late on the evening of August 9, 1997, near Elsa, Texas, Castellano, while under the influence of alcohol, drove his car through a stop sign and collided with the 18-year-old Jorge's car, causing Jorge's death. It has been the Villarreals' contention that Castellano was acting within the scope of his employment at that time, in that he was returning to Mercedes in order to close up the Mercedes Civic Center following a private function there. They argue that, for TTCA purposes, he was on a "special mission" for his employer. They also complain that the district court erred by "refus[ing] to consider" an affidavit from Castellano that they submitted after the district court had granted the City's summary-judgment motion. In this 2001 affidavit, Castellano attested that, at the time of the accident, he was in fact returning to Mercedes to close the Civic Center and that he considered himself to be "on the clock."

This court reviews de novo a district court's order granting a party's summary-judgment motion. Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is proper if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). The nonmovant cannot satisfy his summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Although in district court the parties and the court focused primarily on the issue whether Castellano was acting under color of state law at the time of the accident, they overlooked a threshold issue: whether the Villarreals had even alleged a tort of constitutional dimension against the City. See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 312 (5th Cir. 2002), cert. denied, 123 S. Ct. 1332 (2003) (42 U.S.C. § 1983 claimant must establish (1) a violation of rights secured by the Constitution or the laws of the United States that (2) was committed by a person acting under color of state law). The

substantive component of the Fourteenth Amendment's Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992) (citation omitted). It "does not transform every tort committed by a state actor into a constitutional violation." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 201 (1989). Generally, the Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quoting Collins, 503 U.S. at 128).

The claim set forth by the Villarreals does not rise to the level of a constitutional tort. It is "analogous to a fairly typical state-law tort claim." See Collins, 503 U.S. at 128. Although the Villarreals use the words "deliberately indifferent" to describe the City's policy, their specific assertions regarding the City's acts or omissions alleged a tort in the nature of negligence. See id. Even if this court were to apply the "deliberate indifference" standard, the Villarreals' allegations--that the City knew of Castellano's alcohol problems, his prior arrests for public intoxication, and his prior convictions of driving while intoxicated--failed to establish that Jorge's death was a "known or obvious consequence" of the

City's treatment of Castellano.  See In re Foust, 310 F.3d 849, 861 (5th Cir. 2002).

The Villarreals also continue to assert a claim against the City under the TTCA.  The TTCA creates a limited waiver of sovereign immunity when a death is caused by negligence of a government employee acting "within his scope of employment," if the death arises from the operation of a "motor-driven vehicle." See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (Vernon 1997); DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995).  An employee is generally not acting within his "scope of employment" when he is driving his or her own vehicle to or from his place of employment.  Terrell v. Sisk, 111 S.W.3d 274, 278 (Tex. App. 2003).  Under the "special mission" exception, however, the governmental unit may be held liable when the employee has undertaken a "specific errand" at the "specific request" of the employer.  Wilie v. Signature Geophys. Servs., Inc., 65 S.W.3d 355, 359 (Tex. App. 2002).

Contrary to the Villarreals' contention, the district court did not refuse to consider Castellano's 2001 affidavit.  The court ruled that, even if it considered the affidavit, the affidavit would not change its ruling that the Villarreals were not entitled to relief as to either their due process or TTCA claim.  This unsubstantiated evidence, which contradicted other evidence in the record showing that Castellano was not considered to be working at the time he attempted to drive back to Mercedes

from Elsa, was not sufficient to show anything more than that Castellano was driving to work. It did not demonstrate that Castellano was on a "special mission."

Because no summary-judgment evidence showed that Castellano had been directed by his employer to be anywhere near Elsa on the night of August 9, 1997, the Villarreals cannot establish that he was on a special mission. Accordingly, the City was not liable under the TTCA.

The judgment of the district court is AFFIRMED.