Affirmed and Opinion filed April 11, 2006









Affirmed
and Opinion filed April 11, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00466-CV

____________

 

ROSA VELIA SANCHEZ
DE ARRELLANO, Individually and a/n/f of GRISELDA ARRELLANO, JAMIE ARRELLANO and
CESAR ARRELLANO, Minors; JOSEFINA DEL GADILLO, as Representative of the Estate of JAMIE ARRELLANO, Deceased;
INES MARTINEZ DE ARRELLANO; Appellants

 

V.

 

STATE FARM FIRE
AND CASUALTY COMPANY, Appellees

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 03-04067

 



 

O P I N I O N

Asserting two issues, appellants Rosa
Velia Sanchez de Arrellano, individually and as next friend of her minor
children; Josefina del Gadillo, as representative of the estate of Jamie
Arrellano, deceased; and Ines Martinez de Arrellano challenge a judgment in
favor of appellee, State Farm Fire & Casualty Co., in a suit arising from
the denial of coverage to Jamie Arrellano=s employer, Ashik
Enterprises, Inc. d/b/a/ Southwest Plumbing Co. (ASouthwest Plumbing@).  Southwest Plumbing did not, itself, bring an
appeal.  We affirm. 








Factual and
Procedural Background

On July 1, 2000, Jamie Arrellano died when
a trench caved in on him.  On the day of
the accident, Arrellano worked on a four-person crew, digging a trench, and
laying and leveling a sewer line in that trench.  Work in the trench had finished for the day,
and the crew proceeded to clean up the job site.  Five to ten minutes before the accident,
Manoj Trakkar, Arrellano=s site supervisor, saw Arrellano cleaning
up the parking lot.  No one witnessed
Arrellano return to the trench, and no one knows why Arrellano returned to the
trench. 

Southwest Plumbing carried no worker=s compensation
insurance.  Arrellano=s family and
estate filed a wrongful death action against Southwest Plumbing and obtained a
money judgment.  Southwest Plumbing=s insurance
carrier, State Farm, defended Southwest Plumbing against the claim, subject to
a reservation of the right to deny coverage based on an exclusion in Southwest
Plumbing=s insurance
contract if Arrellano died in the course and scope of his employment with
Southwest Plumbing.[1]  After the conclusion of the lawsuit, State
Farm brought a declaratory judgment action pursuant to Chapter 37 of the Texas
Civil Practice and Remedies Code against Southwest Plumbing and appellants,
seeking a declaration that State Farm has no duty to defend or indemnify Southwest
Plumbing based upon State Farm=s reservation of
right.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.001 et seq.
(Vernon 1997 & Supp 2005). 
Appellants filed a counterclaim, seeking a declaration that State Farm
has a duty to defend and indemnify Southwest in the underlying lawsuit.  After a bench trial, the trial court declared
Southwest Plumbing=s insurance policy did not afford coverage
in the underlying claim.  This appeal
ensued.  

 

 








Discussion

Appellants challenge the judgment of the
trial court in two issues.  First, no
evidence exists to support the trial court=s judgment, and
second, State Farm did not meet its burden to prove Arrellano=s death occurred
during the course and scope of employment. 


I.                   
Evidence to Support Trial Court=s
Judgment

In their first issue,
appellants contend no evidence supports the trial court=s
judgment.  In an appeal from a nonjury
trial, an attack on the sufficiency of the evidence must be directed at
specific findings of fact, rather than at the judgment as a whole.  Zagorski v. Zagorski, 116 S.W.3d 309,
319 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied).  Any
unchallenged findings of fact are binding on an appellate court unless the contrary
is established as a matter of law or no evidence supports the finding.  Id. 
We do not address appellants=
first issue because appellants only challenge the trial court=s judgment and not specific findings
made by the trial court.  We overrule
appellants= first
issue. 

II.                
Course and Scope of Employment

A.                
Standard of Review








In their second issue,
appellants contend State Farm did not meet its burden to prove Arrellano=s death occurred during the course and
scope of employment.  Whether an
individual acts within the course and scope of employment is generally a
question of fact when more than one inference may be drawn from the
evidence.  Mayes v. Goodyear Tire and
Rubber Co., 144 S.W.3d 50, 56 (Tex. App.CHouston
[1st Dist.] 2004, pet. filed).  Findings
of fact in a bench trial have the same force and dignity as a jury=s verdict upon jury questions.  Aguiar v. Segal, 167 S.W.3d 443, 449
(Tex. App.CHouston
[14th Dist.] 2005, pet. denied).  The
trial court=s
findings are not conclusive, however, when, as here, there is a complete
reporter=s
record.  In re K.R.P., 80 S.W.3d
669, 673 (Tex. App.CHouston
[1st Dist.] 2002, pet. denied).  The
trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Barrientos
v. Nava, 94 S.W.3d 270, 288 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  The trial
court=s
findings will not be disturbed if evidence of probative force supports
them.  Id.  

Appellants argue State Farm
did not carry its burden to prove the applicability of exclusion (e), which
requires proof Arrellano died in an occurrence arising out of and in the course
and scope of his employment.  In essence,
appellants challenge the legal and factual sufficiency of the trial court=s finding of fact that Arrellano was in
the course and scope of his employment at the time and place of his death.   

An appellate court conducts
a legal and factual sufficiency review of a trial court=s
findings by the same standards applied when reviewing evidence supporting a
jury=s
answer.  Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994).  If a party
attacks the legal sufficiency of the evidence supporting an adverse finding on
an issue on which it did not have the burden of proof, the party must
demonstrate on appeal no evidence supports the adverse finding.  Price Pfister, Inc. v. Moore & Kimmey,
Inc., 48 S.W.3d 341, 347 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).  In
reviewing a no evidence point, we consider all the evidence in the light most
favorable to the trial court=s
finding, indulging every reasonable inference in favor of the prevailing party
and disregarding all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001); Price Pfister, Inc., 48 S.W.3d at 347.  If more than a scintilla of evidence exists
to support the finding, the no evidence challenge fails.  Formosa Plastics Corp. USA v. Presidio Eng=rs & Contractors, Inc., 960
S.W.2d 41, 48 (Tex. 1998).  When a party
attacks the factual sufficiency of a finding, an appellate court can consider
and set aside a verdict only if it is so contrary to the overwhelming weight
and preponderance of the evidence that it is clearly wrong and manifestly
unjust.  See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); Price Pfister, Inc., 48 S.W.3d at 347.  In a factual sufficiency challenge, an
appellate court reviews all the evidence in the record, both supporting and
contrary to the finding.  Price
Pfister, Inc., 48 S.W.3d at 347. 








B.                
Analysis

At trial, the insurer has
the burden of proof to show an exclusion to coverage applies.  See Tex.
Ins. Code Ann. '
554.002 (Vernon 2005); Mescalero Energy, Inc. v. Underwriters Indem. Gen. Agency,
Inc., 56 S.W.3d 313, 319 (Tex. App.CHouston
[1st Dist.] 2001, pet. denied) (citing former statute replaced by current
version now found in subject-matter codification of the Insurance Code).  Here, State Farm sought to establish
exclusion (e) of the insurance contract barred coverage for bodily injuries to A[a]n employee of the insured arising
out of and in the course of employment by the insured.@  To prevail on this issue, State Farm must
have established Arrellano was in the course and scope of employment at the
time of his death.  Specifically, State
Farm needed to show Arrellano=s
unexplained return to the trench, after work had been completed there,
satisfied the elements of course and scope of employment.  Proving course and scope of employment
requires showing Arrellano was acting (1) within the general authority given
him, (2) in furtherance of the employer=s
business, and (3) for the accomplishment of the object for which the employee
was employed.  Wilie v. Signature
Geophysical Servs., Inc., 65 S.W.3d 355, 359 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).   








The evidence before the
court consisted of excerpts from two depositions: (1) Manoj Thakkar, the
plumber and supervisor at the job site on the day of the accident; and (2)
Ishvar Revdiwala, the owner of Southwest Plumbing.  Thakkar testified about the events at the job
site on the day of the accident.  The
work crew on the day of the accident consisted of himself, Arrellano, Hippolito
AJulio@
Beneventi, and the backhoe operator. 
Three members of the crew came to and left the job site together.  Thakkar drove a company van, and Julio drove
a company truck accompanied by Arrellano. 
Thakkar did not testify about how the backhoe operator came and
went.  On the day of the accident, the
crew planned to work only half the day because the client, a Buddhist temple,
had an event later that afternoon.  The
crew had completed work in the trench, so the backhoe operator had already left
for the day.  Thakkar, Arrellano, and
Julio proceeded to clean up the job site. 
Five to ten minutes before the accident, Thakkar saw both Julio and
Arrellano cleaning up the job site. 
Thakkar then heard Arrellano yell for help from the trench, and he and
Julio ran over.  The trench had collapsed
around Arrellano.  Thakkar and Julio
unsuccessfully attempted to free Arrellano from the trench. 

Thakkar testified he had no
idea why Arrellano would have returned to the trench after work there had been
completed.  State Farm=s counsel asked Thakkar whether
Arrellano might go into the trench to relieve himself, or whether Arrellano saw
a tool in the trench and might have gone into the trench to retrieve it.  Thakkar answered affirmatively to these
speculative possibilities, but no one actually knew why Arrellano went
into the trench.  Thakkar also testified,
when the accident occurred, the crew had between 15 and 20 minutes more work to
complete before leaving.  Thakkar further
testified the crew was on the clock working for an hourly wage and would be
paid for their time until they drove back to the office and punched out, and if
the accident had not happened, Arrellano would have returned to the office with
Julio to punch out, as they did everyday. 


No direct evidence reveals
why Arrellano went into the trench again after work there had been completed
for the day.  State Farm presented
several hypotheses about what might have been Arrellano=s
motivation.  State Farm contends it
established Arrellano acted within the course and scope of his employment
through evidence that, just before the accident occurred, Arrellano had engaged
in the general clean up of the job site and those clean up activities were
Arrellano=s
responsibility at the end of this project. 








Even though no direct
evidence exists as to why Arrellano went into the trench, the trier of fact may
draw reasonable inferences from surrounding circumstances.  See Lozano v. Lozano, 52 S.W.3d 141,
148 (Tex. 2001).  Circumstantial evidence
does not become legally insufficient merely because more than one reasonable
inference may be drawn from it.  Id.  It is for the trier of fact to decide when
circumstantial evidence will support more than one reasonable inference,
subject only to a factual sufficiency review by an appellate court.  See id.  However, when circumstantial evidence is so
slight that any plausible inference is purely a guess, it is, in legal effect,
no evidence.  Id.  When the record contains only slight
circumstantial evidence, something else must be found in the record to
corroborate the probability of a fact=s
existence.  Marathon Corp. v. Pitzner,
106 S.W.3d 724, 729 (Tex. 2003).  

The record reveals the
following evidence: (1) Arrellano performed project clean-up activities
immediately before the accident, (2) Arrellano=s
co-workers performed the same work-related activities immediately before the
accident, (3) the work-related activities would not have been completed for
approximately another 15 to 20 minutes when the accident occurred, (4)
Arrellano=s
co-workers remained on the clock until sometime after the accident, and (5)
Arrellano would have remained on the clock until he drove back to the office
and punched out if the accident had not occurred.  Appellants contend this evidence raises such
a slight inference in State Farm=s
favor, it is purely a guess.  We
disagree.  The record, here, contains
more than only slight circumstantial evidence. 
Although no one knows why Arrellano went into the trench after work
there had been completed for the day, in light of the evidence of what had been
happening at the site immediately before the accident and what would have been
happening immediately afterwards, the most reasonable inference is that
Arrellano was acting in the course and scope of his employment when the
accident occurred.  Considering this
evidence in the light most favorable to the trial court=s
finding while disregarding all evidence and inferences to the contrary, we hold
the evidence is legally sufficient to support the trial court=s finding Arrellano was in the course
and scope of his employment at the time the trench caved-in on him.  








When reviewing the evidence
for factual sufficiency, we also consider the evidence contrary to the
finding.  Price Pfister, Inc., 48
S.W.3d at 347.  Thakkar testified the
trench had already been cleaned for the day, and he could think of no work
related reason for Arrellano to go back into the trench.  Thakkar also testified that, as Arrellano=s on-site supervisor, he did not
instruct Arrellano to go back into the trench. 
Appellants argue that given this testimony, an inference that Arrellano
was acting within the course and scope of employment is based on mere
speculation.  Again, we disagree.  The evidence in favor of the trial court=s judgment is not merely
speculation.  The findings are reasoned
inferences based on circumstantial evidence. 
We hold appellants have not demonstrated the evidence to support the
trial court=s finding
is so contrary to the overwhelming weight and preponderance of the evidence as to
be clearly wrong and manifestly unjust.  See
id.  We overrule appellants= second issue. 

Conclusion

Having considered and
overruled each of appellants=
issues on appeal, we affirm the judgment of the trial court. 

 

 

/s/         John S. Anderson

Justice

 

 

 

Judgment rendered and Opinion filed April 11, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and
Anderson.

 











[1]  Exclusion (e)
of Southwest Plumbing=s insurance contract with State Farm excludes
insurance coverage for bodily injury to: A(1) An
employee of the insured arising out of and in the course of employment by the
insured; or (2) The spouse, child, parent, brother or sister of that employee
as a consequence of (1) above.@