# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00659-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Stephen Joseph Caruana, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
## NO. 12,077-C, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent.

I do not believe that section 524.011(b)(4) of the transportation code and SOAH rule 159.23(c)(7), individually or together, bar admission of an officer's unsworn report at a license-suspension hearing, particularly under the facts of the present case. First, SOAH rule 159.23(c)(7) does not bar the admission of an unsworn report. The rule is one of inclusion, providing that an officer's sworn report *shall be* admitted as a public record. The rule does not, however, either on its face or by inference, prohibit admission of an unsworn report that would otherwise be admissible as a public record under the Texas Rules of Evidence. Second, although the transportation code requires an officer to deliver a "sworn report" to the Department after a DWI arrest, the code provides no sanction if the officer fails to comply or makes a mistake in his attempt to comply. Moreover, the relevant provision does not address the *admissibility* of evidence in a

license-suspension hearing. Consequently, even if we assume that the legislature intended to impose a sanction for an officer's failure to send a "sworn" report, it is not at all clear that barring the report's admission in a license-suspension hearing is what the legislature intended. Third, except as otherwise provided by statute or SOAH rule, the rules of evidence apply in license-suspension hearings. *See* Tex. Gov't Code Ann. § 2001.081 (West 2008); 1 Tex. Admin. Code § 159.23(b) (2008) (State Office of Admin. Hearings, Hearing), *repealed by* 34 Tex. Reg. 329 (2009).

Our task is to decide whether, in light of the foregoing, the ALJ abused his discretion by admitting Trooper Flores's unsworn report. Given that no rule or statute barred admission and that the document was otherwise admissible, I would hold that the ALJ did not abuse his discretion by admitting the report. Accordingly, I would hold that the agency order was supported by substantial evidence and that the trial court should have affirmed the administrative decision.

### *(i)   SOAH's Rules Do Not Prohibit Admission of an Unsworn Report as a Public Record*

We construe administrative rules in the same manner as statutes since they have the force and effect of statutes. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). Unless the rule is ambiguous, we follow the rule's clear language. *Id.* Our primary objective in interpreting a rule is to give effect to the agency's intent. *Id.* We defer to an agency's interpretation of its own rule unless it is inconsistent with the rule or is plainly erroneous. *Id.* at 255. "We should not interpret a rule in a way that renders its language meaningless." *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994).

SOAH rule 159.23(c)(7) states:

An officer's sworn report of relevant information shall be admissible as a public record. However, the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the officer's report shall not be admissible.

1 Tex. Admin. Code § 159.23(c)(7) (2008). The rule does two things. First, it confirms that a sworn report is admissible as a public record. Second, it provides a sanction if the arresting officer is subpoenaed but fails to appear at the hearing. Nothing in the rule suggests that SOAH's intent in crafting the rule was to prohibit the admission of unsworn reports as public records, provided that the reports otherwise meet the requirements of the Texas Rules of Evidence. The majority reads an exclusionary provision into the rule where none exists. *See Rodriguez*, 997 S.W.2d at 254 (unless rule is ambiguous we follow its plain language).

The majority attaches significance to the fact that SOAH specifically provided for the admission of a "sworn report" as a public record, yet did not make rules for the admission of other evidence. The majority reads this rule, in conjunction with section 524.011(b)(4) of the transportation code's requirement that an officer send a "sworn" report to the Department, to exclude reports that are unsworn. This conclusion assumes either that SOAH rule 159.23(c)(7) is the *basis* for admission of the report—*i.e.*, that it renders an otherwise inadmissible document admissible as a public record—or that, by wording the rule as it did, SOAH at least intended to highlight something about the *form* of the document that was required to make it admissible as a public record, presumably in light of section 524.011(4) of the transportation code, which *arguably* requires an officer to transmit to the Department a report under oath. Another implicit assumption is that SOAH presumably would not have bothered to make this rule if the report was already admissible as a

3

public record—it would not just restate the obvious. I disagree with those assumptions and the ultimate conclusion they are used to buttress, because they wander beyond the confines of two basic tenets of rule interpretation. First, unless the rule is ambiguous—which this one is not—we follow its plain language. *Rodriguez*, 997 S.W.2d at 254. Here, the rule's plain language does not bar admission of an unsworn report. Second, we defer to an agency's interpretation of its own rule unless it is inconsistent with the rule or is plainly erroneous. *Id.* at 255. Here, the ALJ interpreted the rule *not* to prohibit the admission of an unsworn report as a public record, a conclusion that is neither inconsistent with the plain language of the rule nor plainly erroneous. These two tenets of rule interpretation, applied here, could and should end our analysis. Yet we have, in addition, definitive evidence of SOAH's intent in making this rule from the Texas Register, which the Texas Supreme Court has called "[o]ur best source for the [agency's] intent." *Id.* at 254.

> With regard to §159.23(c)(7), one commenter indicated that the form of the "sworn report" should comply with the description of an affidavit pursuant to Texas Government Code §312.011. The commenter stated his concern that amending the language from "affidavit concerning probable cause to arrest..." in §159.23(c)(6) to "sworn report of relevant information..." in §159.23(c)(7) would erroneously broaden the admissibility of this report. SOAH disagrees with the comments and arguments advanced . . . . The statute [transportation code section 524.011(b)(4)(D)] refers to a "sworn report," not to an affidavit. . . . The admissibility of the sworn report is based on its status as a public record per case law, *Porter v. Texas Dep't of Transp.*, 712 S.W.2d 263 (Tex. App. San Antonio 1986), and not on any perceived similarity to an affidavit.

24 Tex. Reg. 1324-25 (Feb. 26, 1999).

In light of the comments in the Texas Register, it is clear that SOAH never intended to prohibit admission of an "unsworn" report, but rather understood that an officer's report was

4

admissible because it was a public record, not because it bore any resemblance to an affidavit. SOAH's intent when adopting the term "sworn report" apparently was to adopt the nomenclature of the transportation code, not to insist that an officer's report be sworn in order to be admissible. *See id.* at 1325 ("[T]his subsection was amended to more closely track the language in Texas Transportation Code §524,011(a)(2)(B) [sic] and §524.011 (b)(1-4) [sic]."). Rule 159.23(c)(7), therefore, merely restates the law as SOAH understood it: an officer's report on the circumstances of a DWI arrest—regardless of what it is called—is admissible as a public record.[1] In sum, the rule does not bar admission of an unsworn report, and, given SOAH's intent in enacting the rule, it is improper to infer that SOAH's provision for the admissibility of a "sworn report" necessarily implies that it meant to exclude a report that is not sworn.

*Officer Flores's Testimony Bolsters the Report's Authenticity and Credibility*

Even taking as true the majority's assumptions that SOAH, in crafting the rule to admit "sworn reports," meant somehow to cabin the introduction of other reports not made under oath, it was still not an abuse of discretion for the ALJ to admit the unsworn report in this case in light of Officer Flores's live testimony at the hearing.[2] If we assume the majority's logic is correct, there must have been some reason why SOAH chose to admit *only* a sworn report as a public record.

---

[1] I need not speculate why SOAH felt the need to restate the law in its rule. I would note only that to prevail at a hearing, the Department must establish by a preponderance of the evidence that there was probable cause for stopping the defendant and that the defendant failed a blood or breath test. *See* Tex. Transp. Code. Ann. § 524.035(a)(1)(A), (b) (West 2007). The officer's report may be a key piece of evidence offered for admission at most hearings. A convenient reiteration of the law with respect to such a common piece of evidence might streamline the hearing process.

[2] I am not suggesting that his testimony converted the document into a "sworn report," although I do not discount the possibility.

5

Allowing admission of a public record is an exception to the hearsay rule, *see* Tex. R. Evid. 803(8), so it is conceivable, though I think unlikely, that SOAH considered an unsworn report to lack the trustworthiness or credibility that would come from having the report made under oath.

Concern about admitting hearsay stems from problems with evaluating the perception, memory, narration,[3] and sincerity of a witness who is not present at the proceeding. 2 Kenneth S. Broun, et al., McCormick on Evidence § 245 (6th ed. 2006). Traditionally, courts have overcome these problems by (1) administering an oath, (2) requiring the witness's presence at trial, and (3) subjecting the witness to cross-examination. *Id.* The public-records exception to the hearsay rule allows such records to be admitted in spite of those problems because the circumstances of their creation lead to a high probability of trustworthiness and accuracy. *Id.* § 295.

In the present case, any problems with the perception, memory, narration, or sincerity of the facts stated in the unsworn report were overcome by Officer Flores's live testimony, under oath and subject to cross-examination, that the facts stated in the report were true and correct. While his testimony may or may not have transformed his "unsworn report" into a "sworn report," it was sufficient to permit the ALJ to conclude that the problems inherent with hearsay—perception, memory, narrative, and sincerity—were overcome. In light of this, I cannot say that the ALJ abused his discretion in admitting the unsworn report.

---

[3] The narration problem involves evaluating if a non-present witness's language accurately conveys the impression of his or her perception of the events. 2 Kenneth S. Broun, et al., McCormick on Evidence § 245 (6th ed. 2006).

6

*(ii) Section 524.011 of the Transportation Code Does Not Bar Admission of an Unsworn Report*

"In construing a statute, our objective is to determine and give effect to the Legislature's intent.  We look first to the plain and common meaning of the statute's words.  We determine legislative intent from the statute as a whole and not from isolated portions."  *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (citations and internal quotation marks omitted).

Section 524.011(b)(4) of the transportation code states that, after arresting an individual for DWI, a peace officer shall:

> (4) send to the [D]epartment not later than the fifth business day after the date of the arrest:
>
> > (A) a copy of the driver's license suspension notice;
> > (B) any driver's license taken by the officer under this subsection;
> > (C) a copy of any temporary driving permit issued under this subsection; and
> > (D) *a sworn report of information relevant to the arrest.*

Tex. Transp. Code Ann. § 524.011(b)(4) (West 2007) (emphasis added).

While it appears that section 524.011 is mandatory, *see* Tex. Gov't Code Ann. § 311.016 (West 2005) ("'Shall' imposes a duty."), it is well settled that many statutes containing such language are, in fact, directory.  As the supreme court noted in *Schepps v. Presbyterian Hospital*:

> [I]f the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified may be considered as a circumstance tending to support a directory construction.

652 S.W.2d 934, 936 (Tex. 1983). Furthermore, "[p]rovisions which are not of the essence of the thing to be done, but which are intended for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory." *Id.* That is the case here. The statute commands an arresting officer to send certain items, including the arresting officer's sworn report, to the Department within five business days of the arrest. The statute does not, however, provide a sanction for failing to comply with the provision. Moreover, the provision does not go to the "essence of the thing to be done" in this case—allowing or barring admission of the report at a license-suspension hearing.

In a case similar to the present one, the Fourteenth Court of Appeals held that subsections 524.011(a) and (b) were directory and that an officer's failure to timely comply with 524.011(b)(4) did not allow the defendant to prevail in a license-suspension hearing. *Texas Dep't of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 889 (Tex. App.—Houston [14th Dist.] 1998, no pet.). The present case is similar to *Cortinas*, except here the officer made an error in form rather than timing. Thus, there is an equally strong argument in the present case that 524.011(b) should be construed as directory. Here, the statutory provision requires the officer to submit a "sworn report," which arguably means that it must be made under oath. The statute provides no sanction for the officer's failure to comply with that requirement, just as in *Cortinas*, where the transportation code provided no sanction for failing to meet the five-day deadline.

The majority discusses and relies on the reasoning in *Texas Department of Public Safety v. Pruitt*, 75 S.W.3d 634 (Tex. App.—San Antonio 2002, no pet.). I do not think that reliance

is justified. Without revisiting the facts, *Pruitt* held that in a refusal[4] case it was not an abuse of discretion for an ALJ to admit an unsworn report in light of the fact that the statute did not require the officer to file a sworn report. *Id.* at 639. The majority concludes that a logical implication of *Pruitt* is that when the "statute specifically requires a 'sworn report,' as opposed to merely a written one, [the report] must be properly sworn in order to be admissible." Slip op., *supra*, at 7. The court's actual holding in *Pruitt*, however, was much narrower than the majority's reading of it here. *Pruitt* held that it was *not* an abuse of discretion to admit an unsworn report under the rules of evidence when no other statutory requirement, administrative rule, or rule of evidence required the report to be sworn in order to be admissible. That holding does not necessarily imply the converse—*i.e.*, that it *is* an abuse of discretion to admit, as a public record, an unsworn report when (1) a statute that is entirely unrelated to the admissibility of evidence in a license-suspension hearing requires, for whatever reason, that a "sworn report" be sent to the Department, but provides no sanction for failure to comply, (2) there is no other rule prohibiting its admission, and (3) the report is otherwise admissible as a public record.

### (iii) The Transportation Code in Concert with the SOAH Rule Does Not Prohibit Admission of an Unsworn Report

The majority concludes that "where the legislature requires an arresting officer to provide a 'sworn report,' and where SOAH's rules specifically provide that this 'sworn report' is admissible as a public record . . . an unsworn report cannot also be admissible . . . ." Slip op., *supra*,

---

[4] *See* Tex. Transp. Code Ann. §§ 724.031-.064 (West 1999 & Supp. 2009) (governing license suspension in cases where arrested individual refuses to provide blood or breath specimen for testing).

at 7.  Under the rules of statutory interpretation, courts are not at liberty to infer such legislative intent where it is not discernable from the plain language of an unambiguous statute.  *See Texas Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004) ("If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute.").  Likewise, rule-interpretation principles do not allow us to rewrite SOAH rule 159.23(c)(7), which unambiguously provides for the *admissibility* of a sworn report, to bar the admission of an unsworn report that would be otherwise admissible under the rules of evidence.  *See Rodriguez*, 997 S.W.2d at 254.

### *(iv)  The Department of Public Safety's Rules Are Not Applicable to This Case*

Finally, the majority notes that, in failure cases such as this, the Department's own rules require that the officer provide a report that "shall be sworn to" and must contain, among other things, the "officer's sworn report."  37 Tex. Admin. Code § 17.4(2)(B) (2008) (Texas Dep't of Pub. Safety, ALR Reports).  It is clear that the Department's rule requires the officer's report to be sworn, but the Department's rules are not relevant to our decision here.  First, the Department's rules do not purport to govern the admissibility of the report at a license-suspension hearing; that duty is entrusted to SOAH by statute.  *See* Tex. Transp. Code Ann. § 524.033 (West 2007) (hearing shall be held by SOAH).  Second, even if we refer to the Department's rules to provide insight into the Department's interpretation of the transportation code, we find little guidance, as the Department's rules are not consistent with the code.  In the refusal context, the Department's rules require the officer to send a "sworn report or probable cause affidavit" with other required documents in the administrative license-revocation report, *see* 37 Tex. Admin. Code § 17.4(1)(B) (2008), even though the

10

transportation code requires only that the arresting officer file a "written report," *see* Tex. Transp. Code Ann. § 724.032(a)(4) (West Supp. 2009). In the failure context, where the code requires the officer to send a "sworn report," *see id.* § 524.011(b)(4)(D) (West Supp. 2009), the Department's rules require that the officer send a sworn report *along with* the administrative license revocation report that must itself "be sworn to by the arresting officer," *see* 37 Tex. Admin. Code § 17.4(2)(B) (2008). These seemingly contradictory uses of the term "sworn report" either mean that, to the Department, "sworn report" is a term of art simply naming the form that an arresting officer must complete and transmit—a theory advanced by the Department here—or, at least, that we must be wary of using the Department's rules to inform our construction of the transportation code.

### (v) The Report in the Present Case Meets the Requirements of a Self-Authenticating Public Record

Essential to my conclusion in this case is the fact that the unsworn report was admissible as a public record under the relevant rules of evidence. *See* Tex. R. Evid. 803(8) (report detailing matters observed by the officer that he had a duty to report and containing factual findings resulting from investigation admissible as public record), 902(1) (domestic public documents authentic when filed with seal of state agency), 1005 (copies of public documents admissible if they comply with authenticity requirements of rule 902(1)).

### CONCLUSION

Neither the applicable transportation code section nor the applicable SOAH rule prohibited admission of Trooper Flores's unsworn report at Caruana's license-suspension hearing, and the report was otherwise admissible as a public record. Accordingly, I would hold that the ALJ

did not abuse his discretion by admitting the unsworn report. Because the report was properly in evidence, there was substantial evidence to support the ALJ's decision; therefore, the district court erred by reversing it. I would reverse the district court's judgment and render judgment affirming the administrative decision.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: February 12, 2010