# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00003-CV

**Luke Thomas Kaspar, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NO. 09-1269-CC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent for the reasons stated in my dissenting opinion in *Texas Department of Public Safety v. Caruana*, No. 03-08-00659-CV, 2010 WL 522783 (Tex. App.—Austin Feb. 12, 2010, pet. filed) (mem. op.)—namely, that I do not believe an administrative law judge abuses his or her discretion in admitting an "unsworn" officer's report into evidence at an administrative license revocation/suspension hearing.

Although the facts of the present case are substantially similar to those in *Caruana*, there is one notable but ultimately immaterial difference. In *Caruana*, the officer who authored the report testified at the hearing; here, the officer did not testify. Thus, the section of my dissent in *Caruana* labeled "Officer Flores's Testimony Bolsters the Report's Authenticity and Credibility" does not apply in the present case. The presence or absence of the officer's testimony is immaterial,

however, because the basis of my dissent in *Caruana* and my objection to the majority's opinion here turn on an interpretation of the applicable rules and statutes.[1]

With the one difference noted above, I reurge my dissent in *Caruana* here.  *See Caruana*, 2010 WL 522783, at *6-11 (Jones, C.J., dissenting).  I would affirm the trial court's judgment affirming the administrative suspension of Kaspar's license.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed:   August 31, 2010

_____

[1]  I also note that the SOAH rule governing the report's admissibility as a public record in a license revocation/suspension hearing has been recodified from title one, section 159.23(c)(7) of the Texas Administrative Code to title one, section 159.211(c)(2).  *See* 1 Tex. Admin. Code § 159.211 (2010) (State Office of Admin. Hearings, Hearings); 1 Tex. Admin. Code § 159.23(c)(7) (2008) (State Office of Admin. Hearings, Hearings), *repealed by* 34 Tex. Reg. 329 (2009).  The pertinent part of the rule was copied verbatim and has not otherwise been materially altered.