# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00003-CV

**Luke Thomas Kaspar, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 09-1269-CC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Luke Thomas Kaspar appeals the trial court's order affirming the administrative law judge's decision sustaining the suspension of his driver's license. Kaspar contends that the trial court erred by affirming the ALJ's admission of the Peace Officer's Sworn Report without a notary seal and the admission of the breath test results without the presence of the breath test technical supervisor or breath test operator as requested. He contends that, without the report and test results, no evidence supports DPS's allegations, the trial court's order should be reversed, and his driving privileges should be reinstated. We reverse the trial court's order affirming the ALJ's order, and render judgment vacating the suspension.

The Peace Officer's Sworn Report and the test results were the only evidence offered and admitted in the administrative hearing. In the report, Williamson County Sheriff's Deputy Josh Smith states that he stopped Kaspar for failure to stop at a designated point and for stopping

in a roadway.  Smith reports that Kaspar had an extreme odor of alcohol, exhibited classic signs of intoxication, and stated with tears in his eyes, "I am sorry, I should not be driving."  Kaspar reported that he had drunk seven 12-ounce Bud Lite beers between 10 p.m. and shortly before the arrest. Kaspar exhibited more signs of intoxication on the horizontal gaze nystagmus, walk and turn, and one leg stand tests.  On the breath tests, Kaspar tested 0.188, and 0.199, well above the .08 threshold for intoxication.

An administrative decision regarding the admission or exclusion of evidence is reviewed under the same standard as a trial court's decision.  *See Texas Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *see generally* Tex. Gov't Code Ann. § 2001.174 (West 2008).  Whether to admit or exclude evidence is within the ALJ's sound discretion.  *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). An ALJ abuses its discretion when it acts unreasonably or arbitrarily, or without reference to any guiding principles.  *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Kaspar contends that the missing notary's seal renders the Peace Officer's Sworn Report unsworn and inadmissible.  The transportation code requires an officer who obtains a breath sample indicating that an individual is over the legal limit for intoxication to send a sworn report of information relevant to the arrest to the Department of Public Safety.  Tex. Transp. Code Ann. § 524.011(b) (West Supp. 2009).  The report must be made on a form approved by the Department and in a manner specified by the Department.  *Id.* § 524.011(d).  Department regulations require that the reports be sworn to by the arresting officer.  37 Tex. Admin. Code § 17.4(2)(B) (2010).  An officer's sworn report is admissible as a public record.  1 Tex. Admin. Code

2

§ 159.211(c)(2) (2010). The majority of a panel of this Court recently held that an unsworn peace officer's report was inadmissible even if the officer testified at the license-suspension hearing that the contents of the report were accurate. *Texas Dep't of Pub. Safety v. Caruana*, No. 03-08-00659-CV, 2010 Tex. App. LEXIS 1037, at *12-13 (Tex. App.—Austin Feb. 12, 2010, pet. filed) (mem. op.).[1] This is consistent with cases holding that an affidavit without a notary's seal is not properly notarized and is defective. *Wilie v. Signature Geophysical Servs., Inc.*, 65 S.W.3d 355, 361 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *see also Venable v. State*, 113 S.W.3d 797, 800 (Tex. App.—Beaumont 2003, pet. ref'd); *cf.* Tex. Gov't Code Ann. § 312.011(1) (West 2005) ("affidavit" is "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, *and officially certified to by the officer under his seal of office*" (emphasis added)).

In this case, the report begins with the following preamble:

> Before me, the undersigned authority, on this day, personally appeared Deputy J. Smith, known to me to be a credible person, who, having been by me duly sworn, deposed as follows: My name is Deputy J. Smith and I am a Texas Peace Officer. I certify that the following information is true and correct: . . . .

The report's cover page concludes on the lower left side with Josh Smith's signature and printed name above the words "SWORN AND SUBSCRIBED before me" with a date and an illegible

---

[1] We note that, in *Caruana*, the unsworn report had not been mentioned in discovery. *Texas Dep't of Pub. Safety v. Caruana*, No. 03-08-00659-CV, 2010 Tex. App. LEXIS 1037, at *12-13 (Tex. App.—Austin Feb. 12, 2010, pet. filed) (mem. op.).

signature on the notary public's signature line. The notary stamp space to the right is empty. The cover page is followed by Deputy Smith's narrative of his stop of Kaspar.

This report was not admissible as presented at the administrative hearing. Although the report states that it was sworn, the authority before whom it was sworn did not affix his seal, sign legibly, or otherwise permit the reader to know before whom Deputy Smith made his oath. There was no other evidence regarding the notary public's name or standing. There may be circumstances under which the failure to affix the seal is a mere clerical error, but they are not present here. The report at issue here does not satisfy the Department's criteria for a sworn report that is admissible as a public record. *See* 1 Tex. Admin. Code § 159.211(c)(2); 37 Tex. Admin. Code § 17.4(2); *see also Wilie*, 65 S.W.3d at 361 ("An affidavit without a notary's seal is not properly notarized and is defective.").[2] This case is distinct from cases cited by the Department for the proposition that the documents in those cases were properly sworn affidavits because, in those cases, the notary public's seal was affixed to the documents. *See Petroleum Analyzer Co. v. Olstowski*, No. 01-09-00076-CV, 2010 Tex. App. LEXIS 5581, at *51-53 (Tex. App.—Houston [1st Dist.] July 15, 2010, no pet. h.) (mem. op.) ("Without notarization or a jurat, an unsworn statement is not an affidavit, and it is not proper summary judgment evidence."); *Nortex Drug Distribs., Inc. v. Sunset Trails, Inc.*, No. 05-98-00676-CV, 2000 Tex. App. LEXIS 5949, at *4 (Tex. App.—Dallas Aug. 31, 2000, no pet.) (not designated for publication). Because

---

[2] This opinion does not stand for the proposition that an officer's report must be sworn before a notary public to be admissible. An officer's report can be sworn other than before a notary public. *See, e.g.*, Tex. Gov't Code Ann. § 602.001 (West 2004), § 602.002 (West Supp. 2009). There is absolutely no indication that whoever signed Officer Smith's report was one of the other persons who may administer oaths.

4

there was no notary public's seal affixed and no evidence or authority showing that the requirement should be waived, the ALJ in this case erred by admitting this report over Kaspar's objection, and the trial court erred by affirming the ALJ's decision to admit the unsworn report as evidence.

Without the improperly admitted evidence, the confirmation of the suspension is not supported by substantial evidence. "The department shall suspend the person's driver's license if the department determines that: (1) the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place . . . ." Tex. Transp. Code Ann. § 524.012 (West Supp. 2009); *see also id.* § 524.035 (West Supp. 2009). We cannot consider Deputy Smith's affidavit because it was erroneously admitted into evidence. *See North Dallas Diagnostic Ctr. v. Dewberry*, 900 S.W.2d 90, 97 (Tex. App.—Dallas 1995, writ denied) (refusing to consider inadmissible evidence in determining sufficiency of evidence). Although the test results are some evidence that Kaspar had an alcohol concentration above the legal limit for intoxication, there is no evidence that he was operating a motor vehicle in a public place while so intoxicated. This is an affirmative finding required to sustain the suspension. Tex. Transp. Code Ann. § 524.035(a), (b). Because no evidence supports an affirmative finding that Kaspar operated a motor vehicle in a public place while his alcohol concentration exceeded the legal limit, we conclude that the ALJ's order sustaining the suspension was not supported by substantial evidence. We conclude that the deprivation of his license based on this record prejudiced Kaspar's substantial rights. *See id.* The ALJ should not have made the affirmative finding that the license suspension was supported by substantial evidence.

We reverse the trial court's affirmance of the ALJ's order sustaining the license suspension. We render judgment vacating the suspension of Kasper's driver's license.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop;
   Dissenting Opinion by Chief Justices Jones

Reversed and Rendered

Filed: August 31, 2010