TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND









NO. 03-08-00659-CV






Texas Department of Public Safety, Appellant


v.


Stephen Joseph Caruana, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 HAYS COUNTY

NO. 12,077-C, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In this proceeding, following remand from the Texas Supreme Court, we consider
whether the trial court erred in reversing an administrative decision authorizing the Texas Department
of Public Safety (the "Department") to suspend Stephen Joseph Caruana's driver's license. See Tex.
Transp. Code Ann. § 524.012(b)(1) (West Supp. 2012). (1) Specifically, in light of the supreme court's
holding that the Administrative Law Judge (ALJ) acted within his discretion in admitting an unsworn
arrest report, we review whether the administrative order is supported by substantial evidence. Upon
examination of the record, we will reverse the trial court's order and render judgment reinstating the
decision of the ALJ.

BACKGROUND

 On December 30, 2007, Department Trooper Eric Flores pulled Caruana over in a
routine traffic stop. During the stop, Flores came to the conclusion that Caruana was intoxicated,
and arrested him for driving while intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West Supp.
2012). Upon Caruana's arrest, Flores requested a breath specimen for blood-alcohol testing, and
Caruana complied with the request. Caruana provided specimens that reflected blood-alcohol
concentrations of 0.163 and 0.157, almost twice the legal limit. See id. § 49.01(2)(B) (West 2011)
(defining "intoxicated" as "having an alcohol concentration of 0.08 or more").

 Based on Caruana's failure of the blood-alcohol concentration test, the Department
suspended his license pursuant to transportation code section 524.012. See Tex. Transp. Code Ann.
§ 524.012(b)(1) ("The [D]epartment shall suspend the person's driver's license if the [D]epartment
determines . . . the person had an alcohol concentration of a level specified by Section 49.01(2)(B),
Penal Code, while operating a motor vehicle in a public place . . . ."). Caruana then requested an
administrative hearing to contest the suspension. See id. § 524.031 (West 2007).

 At the hearing, conducted by an ALJ employed by the State Office of Administrative
Hearings, the Department called Trooper Flores to testify as a witness. The Department elicited no
testimony from Flores to establish that he had reasonable suspicion to detain Caruana or probable
cause to arrest him. Instead, the Department offered Flores's arrest report, describing the facts
leading to Caruana's arrest. The ALJ admitted the arrest report over Caruana's objection that the
report was unsworn and therefore inadmissible. The Department offered two additional documents,
which the ALJ also admitted into evidence: (1) the technical supervisor's affidavit certifying the
breath test results and (2) a printout of the breath test machine's results.

 Following the hearing, the ALJ sustained the suspension of Caruana's license.
Caruana appealed the ALJ's decision to county court, where he argued that the ALJ erred in
admitting Flores's unsworn report into evidence. After a hearing, the county court reversed the
decision of the ALJ and ordered that Caruana's license be reinstated.

 The Department then filed an appeal in this court, challenging the county court's
judgment. Upon considering the Department's argument, we concluded that Flores's unsworn report
was not admissible and, consequently, that there was no evidence that there was a reasonable
suspicion or probable cause to arrest Caruana. See Texas Dep't of Pub. Safety v. Caruana, 363
S.W.3d 606, 612 (Tex. App.--Austin 2010, pet. granted). Accordingly, we held that the trial court
did not err in reversing the administrative decision suspending Caruana's license. See id.

 The Department then petitioned for review in the Texas Supreme Court. The supreme
court granted the Department's petition for review, reversed this Court's judgment, and remanded
the cause for further proceedings. See Texas Dep't of Pub. Safety v. Caruana, 363 S.W.3d 558, 558
(Tex. 2011). Concluding that Flores's unsworn report was admissible, the supreme court instructed
this Court on remand to consider whether the ALJ's ruling sustaining suspension of Caruana's
license was supported by substantial evidence. See id. at 565.

STANDARD OF REVIEW

 Administrative license-suspension cases are reviewed under a substantial-evidence
standard. See Tex. Transp. Code Ann. § 524.002(b) (West 2007), § 724.047 (West 2011); Tex. Gov't
Code Ann. § 2001.174 (West 2008); see also Tex. Dep't of Pub. Safety v. Alford, 209 S.W.3d 101,
103 (Tex. 2006) ("Courts review administrative license suspension decisions under the substantial
evidence standard."). Applying this standard, a court may not substitute its judgment for that of the
agency on questions committed to the agency's discretion. See Tex. Gov't Code Ann. § 2001.174;
Mireles v. Texas Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). The issue for the reviewing
court is not whether the agency's decision was correct, but only whether the record demonstrates
some reasonable basis for the agency's action. Mireles, 9 S.W.3d at 131. Courts must affirm
administrative findings if there is more than a scintilla of evidence to support them. Id. In fact, the
ALJ's decision may be sustained even if the evidence preponderates against it. Id. We review de novo
the trial court's determination of whether substantial evidence supports the administrative decision.
Texas Dep't of Pub. Safety v. Gonzales, 276 S.W.3d 88, 91 (Tex. App.--San Antonio 2008, no pet.).


DISCUSSION

 License-suspension proceedings based on a person's failure of blood or breath testing
for intoxication are governed by chapter 524 of the transportation code. See generally Tex. Transp.
Code Ann. §§ 524.001-.051 (West 2007 & Supp. 2012). At the administrative hearing, the Department
was required to prove by a preponderance of the evidence that (1) Caruana had a blood-alcohol
concentration over the level specified in section 49.01(2)(B) of the penal code, while operating
a motor vehicle in a public place, and (2) Trooper Flores had reasonable suspicion to stop or
probable cause to arrest Caruana. See id. § 524.035(a). For clarity, we will examine the evidence
in chronological order, as it pertains to the relevant events, first considering the evidence related to
the stop and then the evidence related to the blood-alcohol concentration.

 Turning to the second statutory element, we first consider whether there is more than
a scintilla of evidence to support the ALJ's finding that a reasonable suspicion existed for Flores to
stop Caruana. An officer may initiate a temporary detention, such as a traffic stop, when he has
reasonable suspicion to believe that an individual is violating the law, even if the officer lacks
probable cause. See Ford v. State, 158 S.W.3d 488, 492 (Tex. 2006); see also United States v.
Sokolow, 490 U.S. 1, 7 (1989) ("[P]olice can stop and briefly detain a person for investigative purposes
if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be
afoot, even if the officer lacks probable cause."). Reasonable suspicion exists when, based on the
totality of the circumstances, the officer has specific articulable facts that when combined with
rational inferences from those facts, would lead the officer to believe that an individual is, has been,
or soon will be engaged in criminal activity. Ford, 158 S.W.3d at 492. The failure to stop at a red
light when making a right turn constitutes a violation of traffic law and, when observed by an officer,
supports the conclusion that a traffic stop was justified by a reasonable suspicion. See Tex. Transp.
Code Ann. § 544.007(d) (West Supp. 2012); see State v. Elias, 339 S.W.3d 667, 675 (Tex. Crim.
App. 2011) (concluding that officer's testimony regarding observations of traffic violation supported
legal conclusion that "there existed at least a reasonable suspicion that a traffic infraction had
occurred"); see also State v. Garrett, 22 S.W.3d 650 (Tex. App.--Austin 2000, no pet.) (concluding
that "officers could legitimately stop" suspect who drove through red light and made sudden turn
into parking lot).

 In this case, the offense report, incorporated in Flores's arrest report, states that Flores
stopped Caruana after observing him pass through a red light while making a wide right turn from
the IH-35 access road. According to the offense report, the wide turn caused Caruana's vehicle to
stray into the center of the intersection and almost strike the raised median. From this evidence, we
conclude that the totality of the circumstances supports the ALJ's determination that Flores had a
reasonable suspicion to stop Caruana for failing to stop at a red light.

 Similarly, there is substantial evidence supporting the ALJ's finding that Flores
had probable cause to arrest Caruana. (2) "Probable cause exists where the police have reasonably
trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe
a particular person has committed or is committing an offense." Hughes v. State, 24 S.W.3d 833,
838 (Tex. Crim. App. 2000). According to the offense report, once Caruana was pulled over, Flores
began to suspect that Caruana was intoxicated. Specifically, upon speaking with Caruana, Flores
detected the odor of metabolized alcohol from Caruana's breath, and upon administering standardized
field sobriety evaluations, Flores observed that Caruana exhibited several signs of intoxication.
First, on the walk-and-turn test, Flores observed that Caruana was "unable to maintain his balance
during instructions, missed stepping heel to toe, and made an improper turn." Similarly, when asked
to stand on one leg, "Caruana swayed while trying to balance, he used his arms to balance, he hopped
and he put his foot down multiple times." Finally, on the horizontal gaze nystagmus test, Flores
observed that Caruana exhibited "a lack of smooth pursuit" in both eyes, and instead "bounced" or
"jerked" as he attempted to visually track Flores's finger. (3) Based on his training and experience,
Flores concluded from these observations that Caruana was intoxicated and arrested him for driving
while intoxicated. We conclude that the evidence is sufficient to support the ALJ's determination
that Flores had probable cause to arrest Caruana. See Garrett, 22 S.W.3d at 655 (concluding that
probable cause existed to arrest defendant for driving while intoxicated despite refusal of defendant
to perform field sobriety tests).

 Finally, we examine whether there is substantial evidence to support the ALJ's
determination that the Department met its burden with regard to the first statutory element. Flores's
offense report, the technical supervisor's affidavit, and the printout of the breath test machine's
results each showed that, approximately an hour after the initial stop, Caruana had a blood-alcohol
concentration of 0.163 and 0.157. From the record before us, we conclude that there is more than
a scintilla evidence to support the ALJ's determination that Caruana had an alcohol concentration
of more than the legal limit of 0.08 while operating a motor vehicle. See Mireles, 9 S.W.3d at 132.
Based on the foregoing, there is substantial evidence in the record to support the ALJ's decision
authorizing suspension of Caruana's license. Accordingly, we sustain the Department's sole remaining
issue on appeal.

CONCLUSION

 We reverse the judgment of the trial court and render judgment reinstating the
ALJ's decision authorizing the Department's suspension of Caruana's driver's license.


 __________________________________________

 Diane M. Henson, Justice


Before Chief Justice Jones, Justices Waldrop and Henson;

 Justice Waldrop Not Participating

Reversed and Rendered on Remand

Filed: August 23, 2012
1. We cite to the current versions of the statutes for convenience because there have been no
intervening amendments that are material to our disposition of this appeal.
2. The ALJ issued separate findings of fact as to whether there was (1) reasonable suspicion
to stop Caruana and (2) probable cause to arrest Caruana. Though it is not necessary under Texas
Transportation Code section 524.035 for the Department to prove both, we will review each of these
findings separately. See Tex. Transp. Code Ann. § 524.035(a) (West Supp. 2012). 
3. The horizontal gaze nystagmus test is a field-sobriety test that examine's a suspect's eyes
for inability to smoothly track a moving object. See Emerson v. State, 880 S.W.2d 759, 766 (Tex.
Crim. App. 1994).