# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-08-00659-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Stephen Joseph Caruana, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 HAYS COUNTY
### NO. 12,077-C, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this proceeding, following remand from the Texas Supreme Court, we consider whether the trial court erred in reversing an administrative decision authorizing the Texas Department of Public Safety (the "Department") to suspend Stephen Joseph Caruana's driver's license. *See* Tex. Transp. Code Ann. § 524.012(b)(1) (West Supp. 2012).[1] Specifically, in light of the supreme court's holding that the Administrative Law Judge (ALJ) acted within his discretion in admitting an unsworn arrest report, we review whether the administrative order is supported by substantial evidence. Upon examination of the record, we will reverse the trial court's order and render judgment reinstating the decision of the ALJ.

---

[1] We cite to the current versions of the statutes for convenience because there have been no intervening amendments that are material to our disposition of this appeal.

## BACKGROUND

On December 30, 2007, Department Trooper Eric Flores pulled Caruana over in a routine traffic stop. During the stop, Flores came to the conclusion that Caruana was intoxicated, and arrested him for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012). Upon Caruana's arrest, Flores requested a breath specimen for blood-alcohol testing, and Caruana complied with the request. Caruana provided specimens that reflected blood-alcohol concentrations of 0.163 and 0.157, almost twice the legal limit. *See id.* § 49.01(2)(B) (West 2011) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more").

Based on Caruana's failure of the blood-alcohol concentration test, the Department suspended his license pursuant to transportation code section 524.012. *See* Tex. Transp. Code Ann. § 524.012(b)(1) ("The [D]epartment shall suspend the person's driver's license if the [D]epartment determines . . . the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place . . . ."). Caruana then requested an administrative hearing to contest the suspension. *See id.* § 524.031 (West 2007).

At the hearing, conducted by an ALJ employed by the State Office of Administrative Hearings, the Department called Trooper Flores to testify as a witness. The Department elicited no testimony from Flores to establish that he had reasonable suspicion to detain Caruana or probable cause to arrest him. Instead, the Department offered Flores's arrest report, describing the facts leading to Caruana's arrest. The ALJ admitted the arrest report over Caruana's objection that the report was unsworn and therefore inadmissible. The Department offered two additional documents, which the ALJ also admitted into evidence: (1) the technical supervisor's affidavit certifying the breath test results and (2) a printout of the breath test machine's results.

2

Following the hearing, the ALJ sustained the suspension of Caruana's license. Caruana appealed the ALJ's decision to county court, where he argued that the ALJ erred in admitting Flores's unsworn report into evidence. After a hearing, the county court reversed the decision of the ALJ and ordered that Caruana's license be reinstated.

The Department then filed an appeal in this court, challenging the county court's judgment. Upon considering the Department's argument, we concluded that Flores's unsworn report was not admissible and, consequently, that there was no evidence that there was a reasonable suspicion or probable cause to arrest Caruana. *See Texas Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 606, 612 (Tex. App.—Austin 2010, pet. granted). Accordingly, we held that the trial court did not err in reversing the administrative decision suspending Caruana's license. *See id*.

The Department then petitioned for review in the Texas Supreme Court. The supreme court granted the Department's petition for review, reversed this Court's judgment, and remanded the cause for further proceedings. *See Texas Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 558 (Tex. 2011). Concluding that Flores's unsworn report was admissible, the supreme court instructed this Court on remand to consider whether the ALJ's ruling sustaining suspension of Caruana's license was supported by substantial evidence. *See id*. at 565.

## STANDARD OF REVIEW

Administrative license-suspension cases are reviewed under a substantial-evidence standard. *See* Tex. Transp. Code Ann. § 524.002(b) (West 2007), § 724.047 (West 2011); Tex. Gov't Code Ann. § 2001.174 (West 2008); *see also Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) ("Courts review administrative license suspension decisions under the substantial

3

evidence standard."). Applying this standard, a court may not substitute its judgment for that of the agency on questions committed to the agency's discretion. *See* Tex. Gov't Code Ann. § 2001.174; *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131. Courts must affirm administrative findings if there is more than a scintilla of evidence to support them. *Id*. In fact, the ALJ's decision may be sustained even if the evidence preponderates against it. *Id*. We review de novo the trial court's determination of whether substantial evidence supports the administrative decision. *Texas Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.).

## DISCUSSION

License-suspension proceedings based on a person's failure of blood or breath testing for intoxication are governed by chapter 524 of the transportation code. *See generally* Tex. Transp. Code Ann. §§ 524.001-.051 (West 2007 & Supp. 2012). At the administrative hearing, the Department was required to prove by a preponderance of the evidence that (1) Caruana had a blood-alcohol concentration over the level specified in section 49.01(2)(B) of the penal code, while operating a motor vehicle in a public place, and (2) Trooper Flores had reasonable suspicion to stop or probable cause to arrest Caruana. *See id*. § 524.035(a). For clarity, we will examine the evidence in chronological order, as it pertains to the relevant events, first considering the evidence related to the stop and then the evidence related to the blood-alcohol concentration.

Turning to the second statutory element, we first consider whether there is more than a scintilla of evidence to support the ALJ's finding that a reasonable suspicion existed for Flores to stop Caruana. An officer may initiate a temporary detention, such as a traffic stop, when he has

4

reasonable suspicion to believe that an individual is violating the law, even if the officer lacks probable cause. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. 2006); *see also United States v. Sokolow*, 490 U.S. 1, 7 (1989) ("[P]olice can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause."). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific articulable facts that when combined with rational inferences from those facts, would lead the officer to believe that an individual is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. The failure to stop at a red light when making a right turn constitutes a violation of traffic law and, when observed by an officer, supports the conclusion that a traffic stop was justified by a reasonable suspicion. *See* Tex. Transp. Code Ann. § 544.007(d) (West Supp. 2012); *see State v. Elias*, 339 S.W.3d 667, 675 (Tex. Crim. App. 2011) (concluding that officer's testimony regarding observations of traffic violation supported legal conclusion that "there existed at least a reasonable suspicion that a traffic infraction had occurred"); *see also State v. Garrett*, 22 S.W.3d 650 (Tex. App.—Austin 2000, no pet.) (concluding that "officers could legitimately stop" suspect who drove through red light and made sudden turn into parking lot).

In this case, the offense report, incorporated in Flores's arrest report, states that Flores stopped Caruana after observing him pass through a red light while making a wide right turn from the IH-35 access road. According to the offense report, the wide turn caused Caruana's vehicle to stray into the center of the intersection and almost strike the raised median. From this evidence, we conclude that the totality of the circumstances supports the ALJ's determination that Flores had a reasonable suspicion to stop Caruana for failing to stop at a red light.

5

Similarly, there is substantial evidence supporting the ALJ's finding that Flores had probable cause to arrest Caruana.[2] "Probable cause exists where the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense." *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). According to the offense report, once Caruana was pulled over, Flores began to suspect that Caruana was intoxicated. Specifically, upon speaking with Caruana, Flores detected the odor of metabolized alcohol from Caruana's breath, and upon administering standardized field sobriety evaluations, Flores observed that Caruana exhibited several signs of intoxication. First, on the walk-and-turn test, Flores observed that Caruana was "unable to maintain his balance during instructions, missed stepping heel to toe, and made an improper turn." Similarly, when asked to stand on one leg, "Caruana swayed while trying to balance, he used his arms to balance, he hopped and he put his foot down multiple times." Finally, on the horizontal gaze nystagmus test, Flores observed that Caruana exhibited "a lack of smooth pursuit" in both eyes, and instead "bounced" or "jerked" as he attempted to visually track Flores's finger.[3] Based on his training and experience, Flores concluded from these observations that Caruana was intoxicated and arrested him for driving while intoxicated. We conclude that the evidence is sufficient to support the ALJ's determination that Flores had probable cause to arrest Caruana. *See Garrett*, 22 S.W.3d at 655 (concluding that

---

[2] The ALJ issued separate findings of fact as to whether there was (1) reasonable suspicion to stop Caruana and (2) probable cause to arrest Caruana. Though it is not necessary under Texas Transportation Code section 524.035 for the Department to prove both, we will review each of these findings separately. *See* Tex. Transp. Code Ann. § 524.035(a) (West Supp. 2012).

[3] The horizontal gaze nystagmus test is a field-sobriety test that examine's a suspect's eyes for inability to smoothly track a moving object. *See Emerson v. State*, 880 S.W.2d 759, 766 (Tex. Crim. App. 1994).

probable cause existed to arrest defendant for driving while intoxicated despite refusal of defendant to perform field sobriety tests).

Finally, we examine whether there is substantial evidence to support the ALJ's determination that the Department met its burden with regard to the first statutory element. Flores's offense report, the technical supervisor's affidavit, and the printout of the breath test machine's results each showed that, approximately an hour after the initial stop, Caruana had a blood-alcohol concentration of 0.163 and 0.157. From the record before us, we conclude that there is more than a scintilla evidence to support the ALJ's determination that Caruana had an alcohol concentration of more than the legal limit of 0.08 while operating a motor vehicle. *See Mireles*, 9 S.W.3d at 132. Based on the foregoing, there is substantial evidence in the record to support the ALJ's decision authorizing suspension of Caruana's license. Accordingly, we sustain the Department's sole remaining issue on appeal.

## CONCLUSION

We reverse the judgment of the trial court and render judgment reinstating the ALJ's decision authorizing the Department's suspension of Caruana's driver's license.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson;
 Justice Waldrop Not Participating

Reversed and Rendered on Remand

Filed:   August 23, 2012

7